The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD ROSS HANSEN and<br><br>DIANE RENEE ERDMANN,<br><br>Defendants. | Case No. 2:18-cr-00092-RAJ<br><br>**LIMITED OBJECTION OF INTERESTED PARTY CHAPTER 11 BANKRUPTCY TRUSTEE MARK CALVERT TO MOTION FOR ORDER TO PREVENT SPOLIATION OF EVIDENCE**<br><br>Noted on Calendar for: Friday, June 8, 2018 |

Mark Calvert (the "Trustee"), Chapter 11 Trustee for the substantively consolidated bankruptcy estates of Northwest Territorial Mint, LLC and Medallic Art Company, LLC (collectively, "NWTM"), files this limited objection to the Defendants' Motion for order to Prevent Spoliation of Evidence (the "Motion"). While the Trustee does not oppose the preservation of the business records of NWTM, he requests that the Plaintiff or Defendants take possession of, and bear the responsibility and expense arising from preservation of, NWTM's business records.

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: SPOLIATION
CASE NO. 2:18-cr-00092-RAJ - 1
501532018 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I.   FACTS

At the time of its bankruptcy filing, NWTM billed itself as the largest private mint in the United States. As of April 1, 2016 it had approximately 240 employees located at facilities in six states. NWTM's business operations included custom minting of medals and commemorative coins as well as on-line and walk-in sales of precious metals and coins. NWTM also stored precious metals and bullion on behalf of customers pursuant to Storage Agreements under which the owner of the bullion or metals paid rent to NWTM. Despite its size, and the breadth of its business, all facets of its operations were exclusively controlled by Bernard Ross Hansen ("Ross Hansen"), its 100% owner.

On April 1, 2016, NWTM filed a voluntary petition under chapter 11 of the United States Bankruptcy Code, commencing a proceeding under case no. 16-11767-CMA, United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Proceeding"). On April 11, 2016, the Bankruptcy Court appointed Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51, Bankruptcy Proceeding.

NWTM's primary manufacturing facility was located in Dayton, Nevada in a 118,000 square-foot minting facility (the "Dayton Facility"). NWTM also had operations in other locations, including Federal Way, Washington, Auburn, Washington, Tomball, Texas, and Green Bay, Wisconsin. Over the course of NWTM's bankruptcy proceeding, its operations were consolidated into the Dayton Facility, and records stored at other facilities were moved to Dayton. Monthly rent for the Dayton Facility is roughly $46,442 per month or $557,304 per year before triple net expenses including property taxes, insurance and maintenance. Inclusive of overhead such as security personnel, utilities, etc., the total expense of maintenance of the estate's access to the Dayton Facility exceeds $100,000 per month.

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: SPOLIATION
CASE NO. 2:18-cr-00092-RAJ - 2
501532018 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

In the spring of 2017, NWTM's business suffered an unexpected downturn in revenue and thus incurred an operating loss which handicapped the Trustee's ability to reorganize the business on terms which would allow emergence from bankruptcy as a going concern. As a consequence, the Trustee started a marketing effort, including setting up a data room for potential buyers, to sell the business as a going concern. The Trustee contacted in excess of 60 potential buyers, 10 of which toured the plant and two of which made offers that were not acceptable and approximated liquidation value, and one made an offer that was acceptable but did not fund. Ultimately, no concrete offer materialized on terms which provided any meaningful return to the estate. Due to inadequate cash resources, the Trustee was forced to close NWTM's business on December 29, 2017, after working for many months to sell the business as a going concern.

Over the course of the first several months of 2018, the Trustee has liquidated the majority of the estate's assets, including the equipment and inventory related to it operations. The remaining estate assets located at the Dayton Facility consist primarily of coining dies which the Trustee is in the process of liquidating, and business records. The Bankruptcy Court entered an order authorizing the landlord for the Dayton Facility to commence eviction proceedings at the end of July, 2018. Dkt. No. 1675, Bankruptcy Proceeding.[1] NWTM's bankruptcy estate is administratively insolvent, meaning there are inadequate funds to satisfy claims that have accrued since the petition date of April 1, 2016, let alone pre-petition claims.

The Dayton Facility currently holds approximately 500 banker boxes of paper records (the "Paper Records"), dating as far back as the 1990s, related to NWTM's business operations and

---

[1] The Bankruptcy Court originally entered an order authorizing eviction proceedings as of the end of June, 2018. Dkt. No. 1450, Bankruptcy Proceeding. The deadline was extended on an agreement between the Trustee and landlord.

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: SPOLIATION
CASE NO. 2:18-cr-00092-RAJ - 3
501532018 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

potentially other businesses that were owned by Ross Hansen. There is no index of what records are stored in the boxes. The vast majority of NWTM's business records are stored electronically on servers owned and maintained by Green House Data (the "Cloud Servers"). The bankruptcy estate pays approximately $12,000/month for access to the electronic data. Shortly after his appointment, the Trustee had all of the data stored on the Cloud Servers backed-up to hard drives, which were subsequently subpoenaed and, the Trustee believes, are currently held by the Federal Bureau of Investigation.

Because the estate will lose its access to the Dayton Facility, and because it does not need older records to wind down the Bankruptcy Proceeding, and in light of the ongoing expense of maintaining records, the Trustee petitioned the Bankruptcy Court for authority to destroy NWTM's records that predate 2012 (the "Records Destruction Motion"). Dkt. No. 1541, Bankruptcy Proceeding. Subsequent to the Records Destruction Motion, and prior to a hearing, the Defendants were indicted. On April 20, 2018, the Bankruptcy Court continued the hearing on the Records Destruction Motion to allow the parties to negotiate as to how to best resolve concerns regarding the preservation of records. Despite discussions between the Plaintiff, Defendants, and Trustee, through their respective counsel, no agreement has been reached. The Trustee has requested that the Plaintiff and Defendants examine the Paper Records to determine the volume of relevant documents, however to date, neither party has availed itself of the request. As a result, on May 18, 2018, at the continued hearing on the Records Destruction Motion, the Trustee requested that the Bankruptcy Court set a deadline for the Plaintiff or Defendant to retrieve the Paper Records, after which any remaining records could be destroyed. The Bankruptcy Court declined to enter such an order, expressing concern regarding the ongoing criminal proceeding, and indicated that it would need guidance from this Court regarding preservation of records. The Honorable Christopher Alston did indicate, in his

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: SPOLIATION
CASE NO. 2:18-cr-00092-RAJ - 4
501532018 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

remarks on the record, that he does not believe the bankruptcy estate should bear the expense related to preservation of the records.

## III. ARGUMENT

It is axiomatic that a bankruptcy trustee is a fiduciary of the bankruptcy estate with a duty to conserve assets and thereby maximize the distribution to creditors. *In re Rigden*, 795 F.2d 727, 730 (9th Cir. 1986). The Trustee, in this instance, is cognizant and sympathetic to the needs of the parties to this criminal proceeding to access the business records of NWTM which may be necessary for the prosecution or defense of the Defendants. The Trustee, however, is obligated, to the extent possible, to minimize the negative impact this criminal proceeding will have on the creditors of NWTM's bankruptcy estate. Accordingly, in light of the fact that he must vacate the Dayton Facility, he petitioned the Bankruptcy Court to allow him to destroy records that provide no benefit to the estate or creditors.

It is the Trustee's position that NWTM's creditors should not bear the financial burden arising from the defense of crimes allegedly committed by the Defendants in the operation of NWTM. In response to the Records Destruction Motion, Ross Hansen suggested that he would be happy to take possession of NWTM's records. Dkt. No. 1576, Bankruptcy Proceeding. Ross Hansen is correct that the Trustee, and the Bankruptcy Court, both expressed concern about Ross Hansen obtaining the personal identifying information ("PII") of NWTM's customers. This concern, however, has been addressed by this Court by its entrance of a Stipulated Protective Order (Dkt. No. 24) on May 2, 2018 that protects customer PII.

Given that the Trustee's concerns related to the preservation of records are financial, rather than based on any other principle, he does not oppose Defendants' request that they be preserved. He does, however, object to the entry of an order that required that NWTM's bankruptcy estate

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: SPOLIATION
CASE NO. 2:18-cr-00092-RAJ - 5
501532018 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

maintain possession-of or pay-for storage of the Paper Records, or pay for maintenance of the Cloud Servers beyond a point where the Trustee no longer needs access.  The Trustee requests that any order entered require that either Plaintiff or Defendants arrange for transport of the Paper Records to a storage facility that they will maintain, and that either Plaintiff or Defendants assume the contract for maintenance of the Cloud Servers at such time as the Trustee no longer needs access to the system.

## IV.   CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order directing the Plaintiff or Defendants to arrange, prior to the end of July, 2018, to remove the Paper Records to a storage facility of their choosing, to be stored at their expense, and to take over the contract for the Cloud Severs at such time as the Trustee no longer needs access.

DATED this 1st day of June, 2018.

K&L GATES LLP


By */s/ David C. Neu*
David C. Neu, WSBA #33143 _____
Attorneys for Mark Calvert, Chapter 11 Trustee
K&L Gates LLP
925 Fourth Ave., Suite 2900
Seattle, WA  98104
(206) 623-7580
Fax (206) 370-6289
Email: david.neu@klgates.com

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: SPOLIATION
CASE NO. 2:18-cr-00092-RAJ - 6
501532018 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dennis Carroll
FEDERAL PUBLIC DEFENDER'S OFFICE (SEA)
1601 5TH AVE
STE 700 WESTLAKE CENTER OFFICE TOWER
SEATTLE, WA 98101

Michael G Martin
SIDERIUS LONERGAN & MARTIN, LLP
500 UNION STREET, SUITE 847
SEATTLE, WA 98101

Jennifer Elizabeth Wellman
FEDERAL PUBLIC DEFENDER'S OFFICE (SEA)
1601 5TH AVE
STE 700 WESTLAKE CENTER OFFICE TOWER
SEATTLE, WA 98101

Brian D Werner
US ATTORNEY'S OFFICE (SEA)
700 STEWART ST
STE 5220
SEATTLE, WA 98101-1271

DATED:  June 1, 2018, at Seattle, Washington

*/s/ Denise A. Lentz*
Denise A. Lentz, Paralegal

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: SPOLIATION
CASE NO. 2:18-cr-00092-RAJ - 7
501532018 v3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022