The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 18-92RAJ |
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE TO MOTION FOR ORDER TO PREVENT SPOLIATION OF EVIDENCE (Dkt. #30)** |
| BERNARD ROSS HANSEN and DIANE RENEE ERDMANN, | |
| Defendants. | <u>Noted</u>: June 8, 2018 |
| | **ORAL ARGUMENT REQUESTED** |

## I.      INTRODUCTION

Defendants apparently seek an order requiring the government to preserve evidence held in the custody of a third-party business.  The government has no duty to produce or preserve this evidence.  Rather, the Defendants should work directly with the third-party to obtain the evidence at issue.  The Court should deny this motion.

## II.     RELEVANT BACKGROUND

### A.  Northwest Territorial Mint's bullion sales and storage business

Northwest Territorial Mint (NWTM) was a business based in Federal Way that operated both a custom business that involved the manufacturing of medallions, coins, and other awards, and a bullion business that involved the selling, buying, exchanging, storing, and leasing of gold, silver, and other precious metals.

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order To Prevent
Spoliation of Evidence - 1

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

NWTM sold bullion (i.e., bulk silver and gold) in multiple ways, but typically, it sold bullion to customers for later delivery ("standard bullion customers").  Standard bullion customers placed orders through the NWTM website or through telephone calls to NWTM sales representatives.  Standard bullion customers were required to pay by wire transfer or by check.  Then, standard bullion customers were promised delivery at a future date, usually 8-10 weeks later.  NWTM also sold bullion in smaller quantities and to walk-in customers.  However, of all the types of bullion sales, standard bullion customer sales brought in the most revenue to NWTM.  In addition to bullion sales, NWTM also purchased and exchanged bullion in order to use that bullion to fill orders.

Besides dealing in bullion, NWTM also offered secure storage to its bullion-storage customers, who stored bullion (usually bulk silver and gold coins and bars) at NWTM locations for a yearly fee.  NWTM was required to either liquidate customers' bullion or return the customers' property within 30 days of customers' requests.

Defendant Hansen was the founder, president, and CEO of NWTM.  Mr. Hansen founded NWTM in 1984, and the business operated continuously under his leadership until April 2016 (with the exception of a prior bankruptcy related to the business in 1989[1]).  Mr. Hansen controlled most aspects of NWTM - his duties included dictating the pricing and delivery terms for bullion sales, determining how NWTM would spend incoming money, and acquiring raw materials.  Defendant Diane Erdmann[2] was the former Vault Manager.  Ms. Erdmann's duties included allocating raw materials for bullion and customer orders, as well as determining which NWTM customer orders were fulfilled and in what order.

//

//

---

[1] *See In re Ross B. Hansen, et al, Debtors*, Case No. 89-8769-TTG.

[2] Ms. Erdmann is Mr. Hansen's girlfriend and the two have lived together for at least the past 10 years.

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order To Prevent
Spoliation of Evidence - 2

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### B. Hansen/Erdmann Indictment

The government investigated criminal misconduct in the NWTM business.  In April 2018, the grand jury returned a twenty-count indictment naming both Mr. Hansen and Ms. Erdmann.  *See* Indictment, Dkt. #1.

In summary, the Indictment alleges that, by at least 2012, the NWTM business was significantly behind and lacked sufficient assets to fulfill bullion customer orders as the orders came due.  Though the business could not timely fulfill orders, Mr. Hansen and Ms. Erdmann ran the NWTM business like a Ponzi scheme.  Mr. Hansen and Ms. Erdmann used new bullion customer money to fulfill overdue bullion customer orders.  Mr. Hansen and Ms. Erdmann also used money and bullion belonging to bullion-storage customers to fulfill overdue bullion customer orders.  *See* Indictment, Dkt. #1 at 2-5.

Mr. Hansen and Ms. Erdmann's Ponzi-like scheme had the effect of keeping the NWTM business in operation and allowed the Defendants to use NWTM money for their own personal expenses.  Defendants' conduct also defrauded dozens of bullion-storage customers who wrongly believed that they had bullion safely stored at NWTM and hundreds of bullion customers who paid for bullion orders that were never fulfilled.  *See* Indictment, Dkt. #1 at 10, 12.

### C. Mr. Hansen puts NWTM into bankruptcy

As indicated in Defendants' motion, the NWTM business has been in bankruptcy for over two years.  Specifically, on April 1, 2016, Mr. Hansen caused NWTM to file for Chapter 11 (re-organization) bankruptcy.  *See* Defendants' Motion to Preserve Evidence at 2; *see also In re Northwest Territorial Mint, LLC, Debtor*, Case No. 16-11767-CMA. Once in bankruptcy proceedings, the Bankruptcy Court appointed a disinterested Trustee, Mark Calvert, to manage the affairs of the company.  Soon after Mr. Calvert was appointed Trustee, Mr. Hansen stopped working at NWTM and Mr. Calvert has managed NWTM since that time.

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order To Prevent
Spoliation of Evidence - 3

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       As the Trustee for NWTM, Mr. Calvert took over management of not only

2   NWTM's main business office in Federal Way, but also other NWTM locations

3   including a production plant in Dayton, Nevada.

4   **III.    DEFENDANTS' MOTION**

5       The Defendants' motion requests that this Court direct the government to preserve

6   evidence that is in the possession of a third party.  Specifically, the Defendants seek the

7   preservation of A) approximately 500 boxes of documents currently stored in NWTM's

8   Nevada location and B) the NWTM servers.

9       **A.  Approximately 500 boxes of NWTM records**

10       Defendants seek the preservation of approximately 500 boxes of hard-copy

11   documents located at the NWTM Nevada location.  According to the Trustee's recent

12   filing, the "vast majority" of NWTM business records are stored electronically.  *See*

13   Trustee's Limited Objection, Dkt. #32 at 4.  The 500 boxes at issue contain paper records

14   that date back to the 1990's, and some of the paper records may relate to other

15   businesses.   Dkt. #32 at 3-4.

16       Like the Trustee and the Defendants, the government does not know exactly what

17   is in these records.  The government has not reviewed these records and the government

18   does not have a copy of these records.

19       **B.  The NWTM Servers**

20       Defendants also appear to seek preservation of the NWTM servers.  Motion at 2.

21   The NWTM servers are located in downtown Seattle at the offices of a third-party data

22   company.  The NWTM servers are not in the possession of the government.  However, in

23   April 2016, around the time the Trustee was appointed, the Trustee made a copy of the

24   NWTM servers as of that time, hereinafter referred to as the "April 2016 Server Copy."

25       During the government's investigation, the FBI obtained by subpoena the April

26   2016 Server Copy.  The FBI has maintained the April 2016 Server Copy (which consists

27   of eight hard drives) since that time.  The government has advised Defendants' counsel

28   that it has this April 2016 Server Copy.  The government will either produce a copy of

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order To Prevent
Spoliation of Evidence - 4

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  these hard drives in discovery, or otherwise make the information available during

2  discovery.

   **C.  NWTM business records in government's discovery**

4      The government is in the process of producing discovery in this case.  The

5  government has produced NWTM business records including bullion-storage contracts

6  and correspondence, sales correspondence, as well as some NWTM emails.  The

7  government will produce other NWTM business records including additional email files,

8  recorded sales calls, and insurance policies.

9  **IV.    ARGUMENT – DEFENDANTS' MOTION SHOULD BE DENIED**

10     **A.  The 500 boxes are not in the government's possession**

11     This government has no obligation to produce NWTM records that are not in its

12 possession.  The government's discovery obligations extend only to material in the

13 possession, custody, or control of the prosecution team – in this case, the United States

14 Attorney's Office and the law enforcement agencies acting the United States' behalf in

15 this case.  *See Kyles v. Whitney*, 514 U.S. 419, 437 (1995).  The government is not

16 responsible for reviewing all documents in the possession of federal agencies that are not

17 part of the prosecution team.  *See United States v. Velte*, 331 F.3d 673, 680 (9th Cir.

18 2003) (holding that a report in in the possession of U.S. Forest Service weather station

19 not part of government's disclosure obligation because the USFS was not "acting on the

20 government's behalf").  The entire federal government, in all of its various agencies, are

21 not part of the prosecution team.

22     By logical extension, a third party, a non-government entity, is also **not** part of the

23 prosecution team.  NWTM, as managed by the Trustee, is a separate entity.  It is not an

24 agency acting on the government's behalf.  NWTM did not play an active role in the

25 prosecution of the criminal case – NWTM did not participate in witness interviews,

26 NWTM did not execute search warrants, and NWTM did not participate in arrests.

27 Therefore, the government has no obligation to produce 500 boxes of NWTM records

28 that are not in the government's possession.

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order To Prevent
Spoliation of Evidence - 5

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Besides having no duty to *produce*, the government is also aware of no authority

2    supporting a duty to *preserve* evidence not in the government's possession.  The *Leon*

3    case cited by Defendants does not support such a duty.  *See Leon v. IDX Systems Corp.*,

4    No. CV 03-1158MJP, 2004 WL 5571412 (W.D. Wash. Sept. 30, 2004), *aff'd in part*, 464

5    F.3d 951 (9th Cir. 2006).  In *Leon*, the District Court noted that "a litigant or potential

6    litigant is under a duty to preserve evidence *in his possession* that he knows or should

7    know is relevant to litigation or which might lead to the discovery of admissible

8    evidence." *Leon*, 2004 WL 5571412 at *3 (emphasis added).  Again, the boxes are not in

9    the government's possession.

10    **B.  The NWTM servers are not in the government's possession**

11    Similarly, the NWTM servers are currently in the possession of NWTM; the

12    government has no obligation to preserve, or maintain, or produce those servers.  The

13    April 2016 Server Copy is in the government's possession and the government intends to

14    produce or otherwise make it available to the defense.

15    **C.  The government does not object to the Defense obtaining these items**

16    The government objects to an order that expands its discovery obligation to

17    include documents in the possession of a third party.  It likewise objects to an order

18    creating a duty to preserve such documents.  However, to be clear, the government does

19    not wish to impede Defendants' access to any of these items.

20    As for the 500 boxes, NWTM may permit defense counsel to maintain the 500

21    boxes.  According to the Trustee's filing, Mr. Hansen (who filed an appearance in the

22    bankruptcy case) previously requested that these documents be turned over to him rather

23    than destroyed.  *See* Limited Objection of Trustee, Dkt. #32 at 5.  Even if there is

24    personal customer information contained in these boxes, defense counsel may possess

25    them under the terms of the Protective Order.  *See* Stipulated Motion for Protective

26    Order, Dkt. #23; Protective Order, Dkt. #24.

27    There is no apparent reason in this case for the government to bear the cost of

28    obtaining and maintaining these documents.  First, it is not appropriate for the

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order To Prevent
Spoliation of Evidence - 6

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | government to bear the cost because these are third-party documents.  Second, it is not
2 | appropriate for the government to bear the cost of Defendants' strategic decision on how
3 | to defend this case.
4 | As for the NWTM servers, the government has a copy of those servers (as of April
5 | 2016) and will provide Defendants with access to the copy.  The government is unclear as
6 | to whether Defendants seek access to anything else from the NWTM servers.

**V.     CONCLUSION**

For the foregoing reasons, the government respectfully requests that Defendants' motion be DENIED.

Dated this 1st day of June 2018.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*s/ Brian Werner*
BRIAN WERNER
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: (206) 553-7970
E-mail: brian.werner@usdoj.gov

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order To Prevent
Spoliation of Evidence - 7

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants.

*s/ Brian Werner*
BRIAN WERNER

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order To Prevent
Spoliation of Evidence - 8

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970