THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 18-0092-RAJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANTS' UNOPPOSED MOTION |
| v. | ) | TO CONTINUE TRIAL AND PRETRIAL |
| | ) | MOTIONS DATES |
| BERNARD ROSS HANSEN, and | ) | |
| DIANE RENEE ERDMANN, | ) | **Note on Motions Calendar:** |
| | ) | **December 19, 2018** |
| Defendants. | ) | |

**I.     Motion**

The trial is currently scheduled to begin on February 25, 2019, and pretrial motions are due January 11, 2019. These dates were based on a May 5, 2019 stipulated motion by the parties and the belief (at that time), that the discovery process would require only four to six weeks to complete, and the parties' best estimate of the time necessary for the defense to adequately assess and investigate the information disclosed before the preparation of pretrial motions or trial. Dkt. 25. Discovery disclosures since that time however, make clear that a trial continuance is necessary to ensure Bernard Ross Hansen and Diane Renee Erdmann receive a fair trial and effective assistance of counsel.

Accordingly, Mr. Hansen and Ms. Erdmann, represented by their respective attorneys, respectfully move the Court, pursuant to 18 U.S.C. § 3161(h)(7), for an order continuing the trial date from February 25, 2019 to October 21, 2019, and excluding the period from February

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

25, 2018 to the October 21, 2019 for the purpose of computing the time limitations imposed by the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. The defendants also request that the Court extend the deadline for filing all pretrial motions from January 11, 2019 to September 13, 2019.

The government, represented by Assistant United States Attorney Brian Werner, was advised of the need for a new trial date. Although the government is prepared to move forward with the trial in February, it does not oppose the motion.

Finally, in order to reduce any risk that further continuances will be required, the parties have proposed a detailed Scheduling Order, which the Government intends to file at or near the same time this motion is filed. The proposed order takes into account the complexity of the case, the volume of evidence and the unique and complex legal issues presented. For example, the proposed schedule sets firm dates for motions related to pretrial motions, notice of expert witnesses, motions in limine, trial briefs, and jury instructions, and proposes status conferences at regular intervals to monitor progress.

## II.   The Reasons the Ends of Justice Served by Granting this Continuance Outweigh the Interests of the Public and the Defendants in a Speedy Trial. 18 U.S.C. §§ 3161(h)(7)(A) & (h)(7)(B)(i).

On April 12, 2018, the Grand Jury returned an Indictment charging Mr. Hansen and Ms. Erdmann with 10 counts of mail fraud (Counts 1 through 10), violations of Title 18, U.S.C. §§ 1341 and 2, and 10 counts of wire fraud (Counts 11 through 20), violations of Title 18, U.S.C. §§ 1343 and 2. Dkt. 1. On April 16, 2018, Mr. Hansen and Ms. Erdmann self-surrendered in light of an Indictment, entered not guilty pleas to all counts and were ordered released on an Appearance Bond. see e.g., Dkt. 13, The counts in the Indictment carry penalties of up to 20 years imprisonment, and significant advisory guideline ranges if convicted by plea or jury trial.

Keeping in mind the significant penalties Mr. Hansen and Ms. Erdmann face if convicted, this request for a continuance of the pretrial motions and trial date is necessary and in the interests of justice for two overarching reasons. First, the case is unusual and complex.  The charges in

UNOPPOSED  MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DATES
(*Bernard Hansen*; CR18-92RAJ)    - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1   this matter stem from the collaboration of multiple state and federal authorities, and allege a

2   complex Ponzi scheme dating back to (approximately) 2008 through 2016. Dkt. 1, pp. 4-20.

3   However, at issue is a legitimate company that was successful for over 20 years. Unraveling

4   whether it somehow became a Ponzi scheme giving rise to bankruptcy proceedings, as well as

5   the number of entities involved in the investigation, including the bankruptcy Trustee, the

6   duration of the investigation and the allegations themselves, as well as the impact of ancillary

7   bankruptcy proceedings, which have been pending since 2016, make this case unique and

8   complex. The additional time requested reflects that complexity.  18 U.S.C. §§ 3161(h)(7)(B)(ii).

9        Second, the discovery process has proved far more extended and complex than the

10   defense understood it would be when the Court set the February 2019 trial date. For instance,

11   although the defense understood that the discovery materials in this case would be voluminous,[1]

12   the volume is extraordinary. By June, the discovery included many audio recordings and over

13   70,000 numbered pages, over 60,000 of which are protected and cannot be produced to the clients

14   outside the office.   Dkt. 35 n. 16. By November 2, 2018, the Government produced

15   approximately 111,000 *additional* numbered pages of discovery and 2,645 audio files, taken

16   control of over approximately 1,420 boxes from the Nevada warehouse that was subject of earlier

17   litigation.  Thereafter, the government produced hard drives of the personal computers, and two

18   additional discovery productions equaling over 1200 pages. The defense also reviewed a room

19   of file cabinets at the Federal Bureau of Investigations, and identified hundreds of pages that the

20   government is now working on producing. The defense also have approximately 45,000 pages

21   of attorney records to review for a Taint/Attorney-Client Privilege analysis, which is underway.

22   Finally, despite earlier promises to produce mirror images of servers for the Mint that should

23   reflect the Trustee's liquidation of the Mint since he assumed control in April 2016, see Dkt. 47,

24   the parties only just received the servers from the Trustee.

25

26   [1] Dkt. 25 at 2 (describing the initial production of discovery as "audio recordings, undercover wire recordings, hundreds of pages of protected discovery, and hundreds of pages of bankruptcy documents").

UNOPPOSED  MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DATES
(*Bernard Hansen*; CR18-92RAJ)     - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Third, and related thereto, the discovery process has not been completed. Although the government has been diligent in producing discovery, its production is not without problems that delay the defense's ability to review critical discovery. For example, the index included with the initial production did not mirror the index and a number of items noted on the index were missing. CDs of information were produced that either included duplicate information and/or missing items. The second production included over 12,000 pages versus the cover letter that reflected 4600 plus pages. Much of the discovery is in its native form and/or in excel sheets with multiple tabs/sheets, without bate-stamps and therefore difficult to track or catalog.

Further, while the Government believes that production of discovery is largely complete, the production of electronic data contained on the servers remains to be produced and will be voluminous. Further, the discovery process includes: the time necessary for the defense to assess and investigate the information disclosed as well as all factual and legal issues presented, as well as the approximately 1,000 boxes of documents moved from Nevada and now stored locally by the Government; the need to follow up with the government regarding discovery missing, which the defense has started to do but given the volume is not in a position to do so until a much later date, when it has had adequate time to review the discovery; and the need for adequate time for counsel to fully and adequately review the discovery with their respective clients, as well as any and all factual and legal issues presented, and sentencing consequences so they can each make an informed and intelligent decision of how to proceed. The defense believes that any discovery issues can be resolved without the Court's intervention, but the discovery process cannot be achieved by the current pretrial motions deadline or the current trial date.

Finally, a full review of the discovery is necessary in order for defense counsel to make critical decisions regarding the need for expert witnesses, and if needed, their own preparation and review, possibility of pretrial motions and a full exploration of defenses. Under the current schedule, the defense is required to designate expert witnesses by January 11, 2019 and the defense simply cannot make that decision in an effective manner without having reviewed the

UNOPPOSED MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DATES
(*Bernard Hansen*; CR18-92RAJ)   - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1   evidence. While counsel are hesitant to reveal, in a public filing, any greater detail regarding the

2   challenge of effective representation, we will do so in a sealed *ex parte* filing should the Court

3   require it.

4           For all these reasons, the additional time requested, should avoid a miscarriage of justice.

5   18 U.S.C. §§ 3161(h)(7)(B)(i) & (B)(ii). The defense also agree that it is unreasonable to expect

6   adequate preparation or representation for pretrial proceedings or for the trial itself within the

7   time limits currently set. 18 U.S.C. §§ 3161(h)(7)(B)(i) & (B)(ii) & (B)(iv).

8           Finally, the additional time requested takes into consideration the parties' respective

9   schedules and obligations including, but not limited to, Michael Martin's trial now set for

10  February 19 in *United States v. Taylor*, CR 16-300 and a trial in May in *United States v. Beasley*,

11  CR 8-145 and a civil trial in Thurston County Superior Court now set for June 3, 2019; Jennifer

12  Wellman's March 19, 2019 trial in *United States v. Gonzales*, CR 18-5489-BHS; and Dennis

13  Carroll's March 4, 2019 trial in *United States v. Urias et al.*, CR 18-174-RAJ.  In sum, the

14  additional time requested is necessary for the effective preparation, taking into consideration the

15  complexity of the case, the exercise of due diligence and the interests of justice.

16          Mr. Hansen and Ms. Erdmann specifically join in this request and have signed waivers

17  of their rights to a speedy trial in order to facilitate their attorney's preparation of their case.  Mr.

18  Hansen and Ms. Erdmann acknowledge that by signing the speedy trial waivers they are waiving

19  their rights under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and

20  agreeing that the period from the date of this order to March 25, 2019, shall be an excludable

21  period of time pursuant to 18 U.S.C. § 3161(h)(7)(A).  Their executed waivers are being

22  electronically filed along with this motion.

23  / / /

24  / / /

25  / / /

26  / / /

UNOPPOSED  MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DATES
(*Bernard Hansen*; CR18-92RAJ)   - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

**III.    Conclusion**

2

For all the above stated reasons, the interests of justice are served through these

3

continuances and findings to that effect are set forth in the attached proposed order.

4

DATED this 19th day of December, 2018.

5

Respectfully submitted,

6

*s/ Jennifer E. Wellman*

7

*s/  Dennis Carroll*
Attorneys for Bernard Ross Hansen

8

s/  *Michael G. Martin*

9

Attorney for Diane Renee Erdmann

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNOPPOSED  MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DATES
(*Bernard Hansen*; CR18-92RAJ)     - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

**CERTIFICATE OF SERVICE**

2        I certify that on December 19, 2019,2018, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system, which will send notification of filing to

4   Assistant U.S. Attorney Brian Werner.

5

6                       */s/   Barbara Hughes*

                             Paralegal

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNOPPOSED  MOTION TO CONTINUE TRIAL
AND PRETRIAL MOTIONS DATES
(*Bernard Hansen*; CR18-92RAJ)     - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**