The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR18-92RAJ |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE TO MOTION SEEKING LEAVE TO WITHDRAW AND FOR APPOINTMENT OF NEW COUNSEL (Dkt. #88)** |
| DIANE RENEE ERDMANN, | |
| Defendant. | |

The government files this response brief (1) to advise the Court as to the relevant legal standards relating to motions for substitution of counsel; and (2) to advise the Court as to the upcoming pretrial motions and trial schedule in this case. The Court has scheduled a hearing on this motion for Friday, July 26, at 3:30 p.m.

**I.   MOTION FOR LEAVE TO WITHDRAW AND FOR APPOINTMENT OF NEW COUNSEL**

On Tuesday, July 23, 2019, Defendant Diane Erdmann's court-appointed attorney, Michael Martin, filed a motion seeking leave to withdraw and for appointment of new counsel. *See* Dkt. #88. The motion does not contain a public explanation of the reasons for the motion. Mr. Martin has been Ms. Erdmann's attorney for more than 15 months, since this case was filed in April 2018.

*United States v. Diane Renee Erdmann, CR18-92RAJ*
Government's Response to Motion Seeking Leave to Withdraw and for Appointment of New Counsel - 1

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

A criminal defendant may substitute counsel when that defendant makes a timely motion and when there is a breakdown in the attorney-client relationship that has created a total lack of communication and, therefore, an inability to conduct a defense. *See United States v. Garcia*, 924 F.2d 925, 926 (9th Cir. 1991); *United States v. Nguyen*, 262 F.3d 998, 1004-05 (9th Cir. 2001). Denial of a motion to withdraw is reviewed for abuse of discretion. *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005).

The Court must make an inquiry into the reasons for the motion to withdraw. An inability to communicate or other irreconcilable differences may be reasons to grant a motion to withdraw as attorney. *See Nguyen*, 262 F.3d at 1004-05; *United States v. Moore*, 159 F.3d 1154, 1159-60 (9th Cir. 1998). However, a dispute over trial tactics between a defendant and counsel does not require the removal of defense counsel because trial tactics are committed to the discretion of counsel. *See United States v. Corona-Garcia*, 210 F.3d 973, 977 n.2 (9th Cir. 2000) (refusing to find that the district court abused its discretion in denying motion to substitute counsel).

The motion for withdrawal and substitution of counsel must also be timely. There is not a particular time period prior to trial that is dispositive as to whether a motion to withdraw is timely, rather, whether a motion is timely may depend on the reason for substitution of counsel and its strength. *See Prime*, 431 F.3d at 1155. Of course, "a court must be wary against the 'right to counsel' being used as a ploy to gain time or effect delay." *United States v. Kelm*, 827 F.2d 1319, 1322 (9th Cir. 1987), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007).

## II. UPCOMING TRIAL SCHEDULE

### A. The Court should keep the trial date as October 21, 2019.

There is no motion for continuance before the Court but it is worth noting that the parties have been preparing diligently for the upcoming trial date after the Court granted two (or three) lengthy continuances of the trial date and an additional extension of the pretrial motions date. On May 25, 2018, the Court continued the trial from June 2018 to February 25, 2019. Dkt. #29. On January 7, 2019, the Court continued the trial again, to

*United States v. Diane Renee Erdmann, CR18-92RAJ*
Government's Response to Motion Seeking Leave to Withdraw and for Appointment of New Counsel - 2

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

June 10, 2019. Dkt. #58. After the defense filed an unopposed motion to reconsider, the Court continued the trial to its current date, October 21, 2019. Dkt. #62. The Court initially entered an order setting case schedule that contained a May 2019 deadline for pretrial motions. Dkt. #65. However, at the request of Defendants, this order was revised and pretrial motions deadline was changed to August 2019. *See* Joint Defense Memorandum, Dkt. #76; Order Setting Revised Case Schedule, Dkt. #83.

In the event that Ms. Erdmann's counsel is allowed to withdraw, the government respectfully suggests that the trial date can be maintained because of the diligent preparation of the parties to date pursuant to the Revised Case Schedule. Dkt. #83. As per that Schedule, the government served a preliminary witness list in June and the government will serve a preliminary exhibit list on July 25. Defendants made disclosures related to discovery and advice of counsel defense. The parties made expert disclosures. If new counsel were to be appointed, he/she would have the benefit of this work, including a preliminary exhibit and witness lists from the government.

The discovery in this case is extensive but the great majority of the discovery was produced last year. New counsel could receive the benefit of analysis already performed by Ms. Erdmann's current counsel. New counsel could also likely benefit from any non-privileged discovery indexing by Mr. Hansen's counsel, the Federal Public Defender.

Finally, a continuance would cause inconvenience to all witnesses in this case, but especially the victims. The victims in this case are former customers of Northwest Territorial Mint who live all across the country. These victims lost money and property as a result of the scheme charged in the Indictment. Many of these victims will testify at this trial and be required to travel to Seattle. All witnesses, but especially these victims, have an interest in the certainty of the October 2019 trial date.

**B. The pretrial motions date should remain August 2, 2019 for Mr. Hansen.**

In the event Mr. Martin is allowed to withdraw, the Court may decide to strike the upcoming pretrial motions deadline for Ms. Erdmann, but the government requests that

*United States v. Diane Renee Erdmann, CR18-92RAJ*
Government's Response to Motion Seeking Leave to Withdraw and
for Appointment of New Counsel - 3

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Court maintain the August 2nd pretrial motions' deadline for Mr. Hansen's pretrial motions.

It is in the interest of justice to have Mr. Hansen file his pretrial motions now. Mr. Hansen has had adequate time – over 15 months since indictment – to prepare any pretrial motions. The motions deadline has been continued multiple times, and it was continued just recently from May to August. *Compare* Order Setting Case Schedule, Dkt. #65 *with* Order Setting Revised Case Schedule, Dkt. #83. Indeed, given that the motions deadline is only a week away, to the extent that Mr. Hansen intends to file any such motions, these motions are likely already prepared.

Further, in the event new counsel is appointed for Ms. Erdmann, it is not clear whether new counsel would seek to continue the trial date. Striking or moving the pretrial motions date for Mr. Hansen would be premature. Further, moving the pretrial motions' schedule even closer to trial would strain the government's ability to dedicate resources to trial preparation. Pretrial motions should be filed, briefed, and decided now, prior to trial, so that the parties can appropriately prepare for trial after any such motions have been resolved.

//

//

*United States v. Diane Renee Erdmann, CR18-92RAJ*
Government's Response to Motion Seeking Leave to Withdraw and
for Appointment of New Counsel - 4

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## III. CONCULSION

The government respectfully requests that the Court conduct an inquiry into Ms. Erdmann's representation and proceed accordingly. The government respectfully requests that the Court not continue the August 2, 2019 pretrial motions deadline as to Mr. Hansen.

Dated this 25th day of July 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Brian Werner*
BRIAN WERNER
Assistant United States Attorney
BENJAMIN DIGGS
Special Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: (206) 553-7970
E-mail: brian.werner@usdoj.gov

*United States v. Diane Renee Erdmann, CR18-92RAJ*
Government's Response to Motion Seeking Leave to Withdraw and
for Appointment of New Counsel - 5

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants.

*s/ Brian Werner*
BRIAN WERNER

*United States v. Diane Renee Erdmann, CR18-92RAJ*
Government's Response to Motion Seeking Leave to Withdraw and
for Appointment of New Counsel - 6

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970