The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD ROSS HANSEN,<br><br>Defendant. | NO. CR18-092 RAJ<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT (Dkt. 96)**<br><br>**Noted: August 23, 2019** |

The United States respectfully responds to Defendant Ross Hansen's Motion to Strike Surplusage from the Indictment (Dkt. 96). Because the trial jury will not see the Indictment, that motion is moot. Even if that were not true, the language Defendant seeks to strike is relevant to the charged offenses and the elements of those offenses, and is not surplusage. The motion should be denied.

### I.   FACTUAL BACKGROUND

Defendant Hansen was the former president and CEO of Northwest Territorial Mint (NWTM), a precious metals business based in Federal Way, Washington. Mr. Hansen and the former NWTM vault manager, Diane Erdmann, are charged in a 20-count Indictment with a multi-year scheme to defraud the bullion customers of NWTM. *See* Indictment, Dkt. 1. Defendants are charged with making material misrepresentations

GOV'T RESP. TO MOTION TO STRIKE SURPLUSAGE
*United States v. Hansen et al.*, CR18-092 RAJ - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to NWTM customers (e.g., bullion customers, bullion-storage customers, bullion-lease customers) in order to obtain the customers' money and in some cases, the customers' property.  Dkt. 1 at 4.

## II.     ARGUMENT

### A.     Because the Indictment Will Not be Given to the Jury, Defendant's Motion is Moot

Defendant Hansen argues that certain language in the indictment is surplusage and should be stricken under Federal Rule of Criminal Procedure 7(d).  The purpose of Rule 7(d) is to protect defendants from unfair prejudice.  *See United States v. Ramirez*, 710 F.2d 535, 544–45 (9th Cir. 1983); *see also United States v. Terrigno,* 838 F.2d 371, 373 (9th Cir. 1988) ("The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges.").  Defendant bases his motion on this same purported fear of jury prejudice.  *See* Motion at 2, citing cases.

However, this language in the indictment cannot harm Defendant at trial because of the practice in this district that indictments are not provided to trial juries, which moots any concern the Defendant might have in this regard.  Simply put, "[t]he jury cannot be biased by information it will not see." *United States v. Teall*, No. 2:14-CR-00119-EJL, 2015 WL 3948509, at *3 (D. Idaho June 29, 2015).

### B.     The Supposedly Surplus Language is Directly Relevant to the Charges

Putting the Court's standard practice aside, the motion should still be denied.  A court should grant a motion to strike surplusage only if it is clear that the allegations are not relevant to the charges and are inflammatory and prejudicial.  *United States v. Struckman*, 2007 WL 9701146, at *1 (W.D. Wash. Apr. 2, 2007), (*citing* Wright, Federal Practice and Procedure: Criminal 3d § 127).  *See also United States v. Pac. Gas & Elec. Co.*, 2014 WL 4954040, at *2 (N.D. Cal. Sept. 29, 2014) (noting that "relevance" for indictment purposes is a broad standard, and the Ninth Circuit has repeatedly affirmed district courts' decisions not to strike surplusage on relevance grounds).

GOV'T RESP. TO MOTION TO STRIKE SURPLUSAGE
*United States v. Hansen et al.*, CR18-092 RAJ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Here, what Defendant claims is "surplusage" are relevant allegations that go directly to the elements of the charged scheme. For example, Defendant objects to allegations in the introductory portion of the Indictment that he "dictated" or "controlled" the operations of NWTM's bullion business, and then decided to file for bankruptcy in April 2016. Motion at 3. Far from being extraneous, these allegations support the elements of the charges that Defendant knowingly devised a scheme to defraud and that he did so with the intent to defraud. That is, the government will prove not only that NWTM's bullion business defrauded its customers, but also that Defendant caused that to happen and intended to do so. Unlike the case he cites about surplusage implying that a defendant "is accused of crimes not charged in the indictment" (Motion at 3-4, citing *United States v. Brighton Bldg. & Maintenance Co*, 435 F. Supp. 222, 230-31 (N.D. Ill. 1977)), the language objected to by Defendant relates squarely to the elements of the crimes charged.

Similarly, Defendant complains that the indictment "uses the conclusory term 'false' or 'false and misleading' to describe various alleged facts," (Motion at 4), and that "the government repeatedly states…that employees working at Mr. Hansen and Ms. Erdman's direction made *material* misrepresentations and omissions" (Motion at 5, emphasis in original). Again, these allegations go to required elements of the charged mail and wire fraud charges, each of which require (1) a plan or scheme to defraud, or for obtaining money or property, by means of *false or fraudulent* pretenses, representations, promises, or omissions and (2) the statements made or facts omitted as part of the scheme were *material*. *See* Ninth Circuit Model Jury Instructions 8.121, 8.124 (2019) (emphasis added). The fact that the government's allegations in the indictment track the required elements of the charged offenses cannot render those allegations surplusage. *See Terrigno*, 838 F.2d at 373 ("[T]hat checks were issued willfully and the list of food certificate recipients was prepared to deceive the United Way is essential to prove the element of intent under 18 U.S.C. § 641."); *United States v. Laurenti*, 611 F.3d 530, 546 (9th Cir. 2010).

GOV'T RESP. TO MOTION TO STRIKE SURPLUSAGE
*United States v. Hansen et al.*, CR18-092 RAJ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In sum, though Defendant's motion is mooted by the fact that the indictment will not be shown to the jury at trial, the language he objects to is not surplusage in any event.

### III.   CONCLUSION

For the foregoing reasons, the Defendant's motion should be denied.

DATED August 16, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Benjamin Diggs*
BRIAN WERNER
Assistant United States Attorney
BENJAMIN T. DIGGS
Special Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
Email: brian.werner@usdoj.gov
            benjamin.diggs@usdoj.gov

GOV'T RESP. TO MOTION TO STRIKE SURPLUSAGE
*United States v. Hansen et al.*, CR18-092 RAJ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the Defendants.

*s/ Dru Mercer*
DRU MERCER
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-7970
Fax: 206-553-2502
Email: dru.mercer@usdoj.gov

GOV'T RESP. TO MOTION TO STRIKE SURPLUSAGE
*United States v. Hansen et al.*, CR18-092 RAJ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970