The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD ROSS HANSEN,<br><br>Defendant. | NO. CR 18-92RAJ<br><br>**GOVERNMENT'S RESPONSE TO MOTION TO COMPEL PRETRIAL INTERVIEWS OF CASCADE CAPITAL GROUP GOVERNMENT WITNESSES (Dkt. #98)**<br><br>Noted: August 23, 2019 |

I.    INTRODUCTION

Defendant Bernard Ross Hansen seeks a Court order compelling five witnesses to submit to pretrial interviews with the defense.  *See* Dkt. #98, Motion to Compel Pretrial Interviews of Cascade Capital Group Government Witnesses (hereinafter "Motion to Compel Pretrial Interviews").  Ninth Circuit law is clear that a witness in a criminal case may refuse to participate in a pretrial interview.  The motion should be denied.

II.    RELEVANT BACKGROUND

A.  The Indictment

Defendant Hansen was the former president and CEO of Northwest Territorial Mint (NWTM), a precious metals business based in Federal Way, Washington. Mr. Hansen and the former NWTM vault manager, Diane Erdmann, are charged in

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Compel Pretrial Interviews of Cascade
Capital Group Government Witnesses - 1

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a 20-count Indictment with a multi-year scheme to defraud the bullion customers of NWTM.  *See* Indictment, Dkt. #1.  Defendants are charged with making material misrepresentations to NWTM customers in order to obtain the customers' money and in some cases, the customers' property.  Dkt. #1 at 4.

**B.  The Bankruptcy**

On April 1, 2016, NWTM filed a Chapter 11 bankruptcy case in the Western District of Washington.  *See In re Northwest Territorial Mint, LLC, Debtor*, Case No. 16-11767-CMA.  Shortly thereafter, on April 11, 2016, the Bankruptcy Court appointed a disinterested Bankruptcy Trustee, Mark Calvert, to manage the affairs of the company.  *In re Northwest Territorial Mint*, Case No. 16-11767-CMA at Dkt. #51.  As Trustee, Mr. Calvert employed individuals at various points to assist in his management of NWTM, including the four individuals listed in the Defendant's Motion.  Collectively, the government's brief will call these witnesses the "Trustee Witnesses."

The government will likely call dozens of witnesses at trial, including numerous former NWTM employees, several victims, as well as the Trustee Witnesses.  These Trustee Witnesses can testify about at least two areas that may be relevant to this case.

First, in addition to NWTM employee witnesses, the Trustee Witnesses can testify about the financial condition of NWTM.  As part of his duties as Trustee, Mr. Calvert had to determine the financial condition of NWTM to decide how to proceed with that business.  Mr. Calvert, or the other Trustee Witnesses, can testify about NWTM's financial condition as of bankruptcy, including its accounting systems, bank accounts, and financial reporting (or lack of financial reporting).  The Trustee Witnesses can also testify about the varying amounts of outstanding customer obligations over time and that NWTM was insolvent by at least 2009.

Next, the Trustee witnesses can testify about the inventory of the vaults.  Shortly after Mr. Calvert became the Trustee for NWTM, the NWTM vaults in Federal Way, Auburn, and Dayton, Nevada, were inventoried.  These inventories were conducted by both Trustee employees and NWTM employees.  This inventory showed that, contrary to

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Compel Pretrial Interviews of Cascade
Capital Group Government Witnesses - 2

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    the representations made to NWTM customers, Defendants were not safely maintaining

2    the bullion-storage and bullion-lease customers' metals, and that millions of dollars'

3    worth of metals were missing.  *See* Indictment at 11-12, 15.

4    **III.    RESPONSE TO DEFENDANT'S MOTION**

5        **A. The Court should not require pretrial interviews**

6        Both the plaintiff and defendant in a criminal case have the right to interview

7    witnesses before trial.  *See United States v. Black*, 767 F.2d 1334, 1337 (9th Cir. 1985),

8    *citing United States v. Cook*, 608 F.2d 1175, 1180 (9th Cir. 1979).  The right to access to

9    a witness "exists co-equally with the witnesses' right to refuse to say anything."  *Black*,

10   767 F.2d at 1338 (citations omitted).  "The defendant's right of access is not violated

11   when a witness chooses voluntarily not to be interviewed."  *Id.* at 1338 (citations

12   omitted).  There is no exception for victims or other witnesses that defendants view as

13   key witnesses.  *See, e.g., United States v. Bonds*, No. CR14-74JCC, 2014 WL4804500,

14   *7 (W.D. Wash. Sept. 26, 2014) (denying defendant's request for order compelling

15   victim interviews).

16       In light of this precedent, the Motion to Compel Pretrial Interviews should be

17   denied.  The Motion is clear that it is the witnesses, through their counsel, who are

18   refusing to meet with the defense.  There is no government interference with the right to

19   access these witnesses, rather, they are choosing "voluntarily not to be interviewed."

20   *Black*, 767 F.2d at 1338.  This Court should not intervene in that decision.

21       **B. The Court should not order Rule 15 depositions of government witnesses**

22       Rule 15 of the Federal Rules of Criminal Procedure authorizes pre-trial

23   preservation depositions of witness testimony in certain circumstances.  Fed. R. Crim. P.

24   15.  Rule 15 depositions are not allowed for the purposes of discovery.  *United States v.*

25   *Cutler*, 806 F.2d 933, 935-36 (9th Cir. 1986).

26       It is not clear whether Defendant's Motion seeks Rule 15 depositions.  *See* Motion

27   to Compel Pretrial Interviews at 2 ("This motion [is] in keeping with the spirit of Rule 15

28   of the Federal Rules of Criminal Procedure"); Motion to Compel Pretrial Interviews at 3

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Compel Pretrial Interviews of Cascade
Capital Group Government Witnesses - 3

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(citing authority that Rule 15 depositions should be authorized when "in the interests of justice").  To the extent Defendant seeks Court permission to depose the Trustee witnesses, that request should be denied.  Rule 15 contemplates a deposition of a party's own witness, not an opposing witness, and not when one party is seeking discovery.  *See United States v. Fei Ye*, 436 F.3d 1117, 1123 (9th Cir. 2006).  Defendant's purported need for "effective preparation and effective cross-examination" is not a reason for the Court to order depositions in this case.  *See Fei Ye*, 436 F.3d at 1123-24 (granting mandamus relief and rescinding district court order that allowed Rule 15 depositions of government witnesses to ensure "fairness and efficiency of the trial process"); *United States v. Postlethwaite*, No. CR12-36JCC, 2012 WL 12874957, *4-5 (W.D. Wash. Oct. 26, 2012) (denying motion to compel witness interviews when defendant argued "the testimony of the witnesses comprises the government's entire case against [defendant]").

## IV.    CONCLUSION

The government respectfully requests that the Court deny Defendant's Motion to Compel Pretrial Interviews.

Dated this 16th day of August 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Brian Werner*
BRIAN WERNER
Assistant United States Attorney
BENJAMIN T. DIGGS
Special Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: (206) 553-7970
E-mail: brian.werner@usdoj.gov

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Compel Pretrial Interviews of Cascade
Capital Group Government Witnesses - 4

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants.

<u>*s/ Dru Mercer*</u>
DRU MERCER
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-7970
Fax: 206-553-2502
Email: dru.mercer@usdoj.gov

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Compel Pretrial Interviews of Cascade
Capital Group Government Witnesses - 5

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970