The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR 18-92RAJ |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE TO MOTION TO EXCLUDE EVIDENCE TAKEN IN VIOLATION OF THE FOURTH AMENDMENT (Dkt. #97)** |
| BERNARD ROSS HANSEN, | |
| Defendant. | <u>Noted</u>: **August 23, 2019** |

## I.    INTRODUCTION

Defendant Bernard Ross Hansen seeks an order excluding certain Northwest Territorial Mint (NWTM) files that were provided to the government by a former employee.  *See* Dkt. #97, Motion to Exclude Evidence Obtained by John Jay Young in Violation of the Fourth Amendment (hereinafter "Motion to Exclude").  The files in question were obtained by Mr. Young during his employment at NWTM and prior to any contact with the FBI.  The previously-obtained files were then provided to the FBI after Mr. Young was terminated from NWTM.  As such, Mr. Young providing those files to the FBI does not violate the Fourth Amendment.  Defendant cannot meet his burden to establish government conduct, and this motion should be denied without a hearing.

//

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Exclude Evidence
Taken in Violation of the Fourth Amendment - 1

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.   RELEVANT BACKGROUND

### A.  The Indictment and the Bankruptcy

Defendant Hansen was the former president and CEO of Northwest Territorial Mint (NWTM), a precious metals business based in Federal Way.  Mr. Hansen and the former NWTM vault manager, Diane Erdmann, are charged in a 20-count Indictment with a multi-year scheme to defraud the bullion customers of NWTM.  *See* Indictment, Dkt. #1.  Defendants are charged with making material misrepresentations to NWTM customers in order to obtain the customers' money and in some cases, the customers' property.  Dkt #1 at 4.

On April 1, 2016, NWTM filed a Chapter 11 bankruptcy case in the Western District of Washington.  *See In re Northwest Territorial Mint, LLC, Debtor*, Case No. 16-11767-CMA.  Shortly thereafter, on April 11, 2016, the Bankruptcy Court appointed a disinterested Bankruptcy Trustee, Mark Calvert, to manage the affairs of the company. At that point, the Bankruptcy Trustee, not Mr. Hansen, controlled NWTM.

### B.  Former NWTM Employee John E. Young

#### 1.  Mr. Young's employment at NWTM

John E. Young (mistakenly called John Jay Young in Defendant's Motion to Exclude) was employed at NWTM from April 2013 to September 18, 2015.[1]  Mr. Young started working at NWTM in April 2013 as Director of Enterprise Resource Planning. Mr. Young's initial duties were to assist in NWTM's transition to a new enterprise software system called Epicor.  The Epicor software could manage NWTM's order management, inventory, shipping, and accounting, among other things.

During his employment at NWTM, Mr. Young clashed with Defendants Hansen and Erdmann on issues related to Epicor.  One, Defendants refused to keep track of the bullion-storage and bullion-lease customers in Epicor.  Rather, these customers were

---

[1] The summary includes citations to relevant discovery produced in this case.  A hearing is not necessary because Defendant cannot carry his burden to establish that an illegal search and seizure occurred.

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Exclude Evidence
Taken in Violation of the Fourth Amendment - 2

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    tracked on spreadsheets.  Further, Defendants refused to use Epicor to properly track

2    sales.  Ms. Erdmann determined what bullion orders were fulfilled and in what order – a

3    process that could have been managed by the Epicor system.  However, Ms. Erdmann

4    refused to manage precious metals inventory through Epicor.  Mr. Young tried to stop

5    Ms. Erdmann from going around the system's controls, but Young's efforts were stopped

6    by Mr. Hansen, the company CEO.  Mr. Hansen told Mr. Young that he did not want

7    Epicor to work properly, rather, Mr. Hansen wanted a system that he could "fudge."

8         Despite this, Mr. Young stayed on at NWTM and was eventually promoted to

9    head of the accounting department (Mr. Young recalled that his title was CFO) in early

10   2015.  Mr. Young continued to have problems with the way that Mr. Hansen managed

11   NWTM.  On September 18, 2015, Mr. Young and Mr. Hansen had a verbal altercation

12   and Hansen fired Young.  (CHS 1025, FBI302_7422, 19939-40)

13                    **2.  Mr. Young's initial meeting with the FBI**

14        On September 21, 2015, after he was no longer employed at NWTM, Mr. Young

15   was contacted by the FBI.  (FBI302_19877)  The next day, September 22, 2015, Mr.

16   Young met with the FBI to discuss the FBI's investigation into fraud at NWTM.  After

17   the September 22 meeting, Mr. Young corresponded by email with Special Agent

18   Michael Bozzelli.  On September 23, 2015, Mr. Young sent SA Bozzelli a list of NWTM

19   employees who might have information as well as the names of the NWTM servers.

20                **3.  In 2015, after Mr. Young is terminated, he provided certain files that**

21                    **were already in his possession to the FBI**

22        Defendant may be under the mistaken impression that Mr. Young was still

23   working at NWTM at the time he provided the FBI with certain files.  Defendant may

24   think that Mr. Young, after his termination, gained new access to NWTM to get these

25   files.  That is not the case – as discussed below, Mr. Young only provided files he had

26   saved months before, and he only provided to them to the FBI after he was terminated.

27   (FBI302_19877)  The government has included citations to the discovery relevant to this

28   motion in its response.

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Exclude Evidence
Taken in Violation of the Fourth Amendment - 3

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In October 2015, Mr. Young provided SA Bozzelli with the first of several files that he had saved.  The first files were sent on October 2, 2015, after Mr. Young sent Bozzelli an email that stated that he had "archived quite a bit of material for just this sort of contingency." (CHS_273)  Later that same day, Mr. Young emailed SA Bozzelli a zip file that contained about 20 different files that were apparently saved in 2014-2015, prior to his termination in September 2015, including payable and receivable reports, lists of customer prepayments, bullion liabilities report, sales backlog report, and a partial lease program spreadsheet.  (CHS_400-903)  On October 8, 2015, Mr. Young provided three more NWTM files that he had saved from his time as NWTM employee, a general ledger file and two customer lists.  (CHS 10, 107-109)

On October 9, 2015, Mr. Young sent SA Bozzelli a series of emails with documents from the NWTM bullion-lease program, including a redacted lease agreement, a redacted lease statement, and a redacted excerpt of NWTM internal lease customer spreadsheet.  He also sent SA Bozzelli a check on the NWTM bank account with the payee name redacted.  (CHS 111-116, 392-398)

Finally, on December 29, 2015, Mr. Young provided SA Bozzelli with a computer hard drive that he used while he was employed at NWTM.  Mr. Young advised that this hard drive was used by his predecessor employee at NWTM and Young understood that it was abandoned by NWTM.  Young stated that the hard drive was not the property of NWTM.  (CHS 1029, CHS 15-16)

**4.  Mr. Young is not paid or promised immunity**

SA Bozzelli continued to correspond with Mr. Young in 2016 and 2017.  In 2016, after NWTM filed for bankruptcy protection, Mr. Young suggested that he would return to work for NWTM, but at the same time he would be a paid FBI informant with full immunity.  (CHS 18-20)  The FBI did not accept Mr. Young's proposal and the FBI never made any payments to Mr. Young.  Mr. Young has not been made any promises of immunity either.

//

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Exclude Evidence
Taken in Violation of the Fourth Amendment - 4

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**5.  The hard drive is not searched until 2019**

The hard drive remained in FBI evidence until 2019.  In early 2019, SA Williamson reviewed an imaged copy of the hard drive and the results of that search were produced in discovery.  The hard drive was reviewed after the Bankruptcy Trustee controlled NWTM, and only after receiving consent to search from the Trustee and Young's predecessor employee.  (FBI_361)  A copy of the hard drive was also produced to Defendant.

**III.    RESPONSE TO DEFENDANT'S MOTION**

Defendant Hansen now moves to exclude the materials provided by Mr. Young to SA Bozzelli on the grounds that it was an unlawful search.  Further, Hansen claims that any evidence that was obtained as a result of this unlawful search must be suppressed as fruit of the poisonous tree.

**A.  It is Defendant's burden to establish a reasonable expectation of privacy.**

As an initial matter, it is Defendant's burden to demonstrate that he had a legitimate expectation of privacy in the files at issue.  *United States v. Ziegler*, 474 F.3d 1184, 1189 (9th Cir. 2007).  This expectation of privacy requires Defendant to show both a subjective expectation of privacy and an objectively reasonable expectation of privacy.  *Id.* (citations omitted).

**B.  It is Defendant's burden to establish governmental action.**

In the event that Defendant can establish a privacy interest in the files, the Court must determine whether the conduct at issue was government or private conduct.  The Fourth Amendment protects against unreasonable searches and seizures by the government, not from searches and seizures by an individual.  *See United States v. Young*, 153 F.3d 1079, 1080-81 (9th Cir. 1998) (per curiam).  A search by a private person does not violate the Fourth Amendment, but rather, only when an individual acts as an instrument of the government may a Fourth Amendment violation occur.  *Coolidge v. New Hampshire*, 403 U.S. 443, 487-90 (1971).

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Exclude Evidence
Taken in Violation of the Fourth Amendment - 5

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

A defendant challenging a search conducted by a private party bears the burden of showing that the search was governmental action. *Young*, 153 F.3d at 1080 (citations omitted). The factors that determine whether a search was a government or a private search are: (1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement. *Id.*

Neither factor supports viewing Mr. Young's conduct as a government search. The government did not acquiesce to the intrusive conduct (the files were obtained well before any meeting with the government) and SA Bozzelli did not coerce Mr. Young into turning over these files. While Mr. Young may have intended to help law enforcement by turning over the files, providing evidence obtained by an earlier search does not turn the private actor into a government one. *See United States v. Veatch*, 674 F.2d 1217, 1221 (9th Cir. 1981) ("a mere purpose to assist the government is not sufficient in and of itself to convert a private actor into a government actor") (internal quotations omitted).

Mr. Young's conduct is similar to any other citizen (or whistleblower) who turns over evidence of a crime to authorities. The Ninth Circuit has held that such conduct does not run afoul of the Fourth Amendment. *See, e.g.*, *Young*, 153 F.3d at 1080-81 (finding no government search when shipping company discovered suspected methamphetamine in package and turned it over to government); *Veatch*, 674 F.2d at 1222 (finding no government action when private citizen who obtained defendant's belongings voluntarily turned them over to FBI during a voluntary interview); *United States v. Sherwin*, 539 F.2d 1, 5-8 (9th Cir. 1976) (finding no government action when shipping terminal manager observed obscene material in damaged shipping carton and alerted the FBI). As the *Sherwin* court noted, "there is no seizure within the meaning of the fourth amendment when objects discovered in a private search are voluntarily relinquished to the government." *Sherwin*, 539 F.2d at 8.

Mr. Young's conduct is not similar to instances where a private citizen is found to be an agent of the government. *See United States v. Reed*, 15 F.3d 928, 931-33 (9th Cir. 1994) (finding government action "from inception" when hotel manager contacted the

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Exclude Evidence
Taken in Violation of the Fourth Amendment - 6

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  police about suspicious activity in hotel room and then police accompanied the manager

2  into the hotel room).

3       **C.  There is no "Fruit of the Poisonous Tree."**

4       As there was no government search, there is no Fourth Amendment violation and

5  no evidence should be suppressed.  However, in the event that the Court supresses any of

6  the files at issue, the Court should not suppress any other evidence as "fruit of the

7  poisonous tree."  *See Segura v. United States*, 468 U.S. 796, 804 (1984).  Evidence is not

8  excluded on this ground unless the Fourth Amendment violation is the "but-for cause of

9  the discovery of the evidence … [s]uppression is not justified unless the challenged

10  evidence is the product of the illegal government activity."  *Id.* at 815 (internal quotations

11  omitted).  Defendant's motion fails to draw any "but-for" connection between any other

12  piece of evidence in this case, because there is no connection.  No evidence was

13  discovered because of these files.

14  **IV.  CONCLUSION**

15       The government respectfully requests that the Court deny Defendant's Motion to

16  Exclude Evidence Taken in Violation of the Fourth Amendment.

17       Dated this 16th day of August 2019.

18                                  Respectfully submitted,

19

20                                  BRIAN T. MORAN
                                United States Attorney

21

22                                  *s/ Brian Werner*
                                BRIAN WERNER

23                                  Assistant United States Attorney
                                BENJAMIN T. DIGGS

24                                  Special Assistant United States Attorney
                                700 Stewart Street, Suite 5220

25                                  Seattle, Washington 98101

26                                  Telephone: (206) 553-7970

27                                  E-mail: brian.werner@usdoj.gov

28

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Exclude Evidence
Taken in Violation of the Fourth Amendment - 7

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants.

*s/ Dru Mercer*
DRU MERCER
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-7970
Fax: 206-553-2502
Email: dru.mercer@usdoj.gov

*United States v. Bernard Ross Hansen, CR 18-92RAJ*
Government's Response to Motion to Exclude Evidence
Taken in Violation of the Fourth Amendment - 8

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970