THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                   v.<br><br>DIANE RENEE ERDMANN,<br><br>                              Defendant. | NO. CR18-092RAJ<br><br>ORDER ON DEFENDANT<br>DIANE ERDMANN'S MOTION<br>FOR SEPARATE TRIAL |

Defendant Diane Renee Erdmann seeks severance from defendant Bernard Ross Hansen because the government intends to offer FRE 404(b) evidence against him. She identifies six specific categories of evidence that would prejudice her. She also contends that codefendant Hansen has made statements that would implicate her and preclude her opportunity to confront witnesses if he elects not to testify. And last, she contends that Mr. Hansen's statements to other employees about her would be unfairly prejudicial. Dkt. # 197.

The Court will address each of the justifications for severance separately.

At the outset, the Court notes that Ms. Erdmann leaps to the conclusion that severance is the only remedy to address her concerns. That conclusion is flawed, as the Court also has at its disposal limiting instructions and redaction. Such alternatives are options that can conserve judicial resources, diminish inconvenience and harm to witnesses, and avoid delays in bringing those charged with crimes to trial. This concern is heightened with the impact of the COVID-19 virus upon our judicial system.

As an additional observation, Ninth Circuit law is abundantly clear that Ms. Erdmann bears the burden to demonstrate that joinder will cause her "clear, manifest or undue" prejudice of such magnitude that, without severance, her right to a fair trial will be denied. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994); Fed. R. Crim. P. 14.

### A. The Nevada Defamation Suit Against Mr. Hansen and NWTM

The government has represented it has no intention of offering this evidence during its case unless Mr. Hansen testifies at trial. Dkt. # 206, p. 17. The Court has addressed the limitations of admissibility of this evidence in a prior Order, the details of which will not be repeated here. Dkt. # 213.

In the event such evidence is to be admitted limiting instructions are the proper remedy, not severance.

### B. Mr. Hansen's Alleged Threat to Cause a Delay in the Nevada Defamation Trial

*See* Section A of this Order.

### C. Use of NWTM Employee Contacts with the FBI

The government has indicated that it plans to offer these allegations as evidence of Mr. Hansen's consciousness of guilt. As noted in the Court's order on 404(b) evidence, Dkt. # 213, p. 5, this evidence will be permitted. The Court agrees that this evidence as described is attributed solely to Mr. Hansen. The Court is unaware whether these communications attribute any actions to Ms. Erdmann.

Three separate Ninth Circuit Jury Instructions are available to address Ms. Erdmann's concerns:

1.13 Separate consideration for each defendant;

2.11 Evidence for a limited purpose; and

3.13 Separate consideration of multiple counts-multiple defendants.

Under the circumstances of this case, these instructions are the preferred remedy, not severance. As noted in *United States v. Fernandez*, 388 F.3rd 1199, 1243 (9th Cir.

ORDER ON DEFENDANT ERDMANN'S
MOTION FOR SEPARATE TRIAL - 2

2004), "we have repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered can reduce or eliminate any possibility of prejudice arising from a joint trial."

The Court is prepared to give these and any other appropriate instructions at the beginning of the trial, during the trial as necessary and at the conclusion of the trial.  This is the proper remedy, not severance for the admission of such evidence.

D.   Testimony that Mr. Hansen Threatened, Abused and Intimidated NWTM Employees

The Court will permit limited latitude in allowing the government to examine NWTM employees about Mr. Hansen's alleged threatening, abusive and intimidating tactics toward his employees.  The Court finds this evidence is relevant to explain the relationship between Mr. Hansen and his employees.  This evidence is permitted to establish context regarding the fear of being verbally abused or fired.  Without such evidence, the employees could face unfair attacks on their credibility as argued by the government.  *See,* Dkt. # 205, p. 15.

While limited latitude is granted for this type of evidence, the Court will not be permitting evidence that Mr. Hansen told employees that he spent time in prison, or that he had killed or nearly killed individuals in prison.  This type of evidence, while relevant to the reasons or motivation of NWMT employees to perform their duties under Mr. Hansen, will be excluded as its probative value is substantially outweighed by the danger of unfair prejudice.  FRE 403.

The Court incorporates by reference its analysis in the preceding section of this Order regarding the use of limiting instructions to minimize prejudice to Ms. Erdman.  For these reasons, her motion for severance on these grounds is denied.

E.   The 1989 Bankruptcy of Mr. Hansen and NWTM

The government has clearly indicated that it does not currently intend to offer evidence that in 1989 NWTM went into bankruptcy protection in federal court.  Dkt.

ORDER ON DEFENDANT ERDMANN'S
MOTION FOR SEPARATE TRIAL - 3

# 205, p. 16.  The Court will hold the government to this representation.  Having confirmed exclusion of this evidence, this issue is no longer the basis for severance.

## F.    Mr. Hansen's Prior Federal Convictions

The Court previously issued an Order addressing the restrictions on admissibility of Mr. Hansen's prior convictions.  Dkt. # 213.  The Court will not restate its ruling but suffice it to say those prior convictions will not be admissible at trial.  Considering the foregoing, Ms. Erdmann has no basis for a severance motion on these issues.

## G.    General Claims of Prejudice

Having addressed the specific issues raised by Ms. Erdmann to support her motion for severance, the Court turns to her general claims of prejudice.  Specifically, she expresses concern about government witness reports claiming Mr. Hansen made statements accusing her of keeping inaccurate inventories and borrowing product from storage customers to fulfill other customer orders.  Dkt. # 197, p. 5-7.  She also contends her Sixth Amendment right to confront witnesses will be compromised if Mr. Hansen does not testify because evidence of his statement directly implicates her.

In assessing whether joinder is prejudicial, the Court must consider whether the evidence as it relates to the individuals is easily compartmentalized.  Ms. Erdmann has not made an adequate showing or met her burden of demonstrating that any separate evidence against Hansen cannot be compartmentalized with appropriate instructions.  *See Vasquez-Velasco*, 15 F.3d at 846-47.

This case does not appear to be one where the weight of evidence supporting each charge is wholly disparate or disproportionate.  Mr. Hansen and Ms. Erdmann are charged with joint activities in the business operations at NWTM.

Several alternatives to severance are available to Ms. Erdmann.  First are limiting instructions as noted above.  Second, the government has indicated a willingness to redact Mr. Hansen's references to her.  And third, the government has expressed a willingness to provide alternative testimony to avoid any claimed prejudice.  The Court

ORDER ON DEFENDANT ERDMANN'S
MOTION FOR SEPARATE TRIAL - 4

will order that such redactions or alternative testimony be provided to cure any possible prejudice or possible *Bruton* issues.

The Court thus concludes that the combination of measures noted in this order will prevent any spillover effect, *Bruton v. United States* issues or prejudice to Ms. Erdmann.

For all the foregoing reasons, defendant Diane Renee Erdmann's motion for a separate trial is **DENIED**.

DATED this 18th day of December, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER ON DEFENDANT ERDMANN'S
MOTION FOR SEPARATE TRIAL - 5