HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>    v.<br><br>BERNARD ROSS HANSEN, and<br>DIANE RENEE ERDMANN,<br><br>                       Defendants. | Case No. CR18-0092-RAJ<br><br>**DEFENDANT ROSS HANSEN'S MOTION IN LIMINE TO EXCLUDE INCRIMINATING DEPOSITION TESTIMONY OF CODEFENDANT ERDMANN UNDER *BRUTON*** <br><br>NOTE ON MOTION CALENDAR:<br>May 3, 2021 |

## I.    INTRODUCTION

The government intends to introduce at trial certain civil deposition testimony given by Mr. Hansen's codefendant, Diane Erdmann, that explicitly refers to Mr. Hansen by name—or in one instance, obviously refers to him by implication—and that directly pertains to the scheme alleged in the Indictment. These inculpatory statements are "facially, expressly, clearly, or powerfully incriminating" under *Bruton v. United States*, 391 U.S. 123, 135 (1968), and unless Ms. Erdmann elects to testify, Mr. Hansen will not have the opportunity to cross examine her about these testimonial statements at trial, in violation of his Sixth Amendment Confrontation Clause rights and

DEFENDANT ROSS HANSEN'S MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF CODEFENDANT
(Case No. 18-cr-0092-RAJ) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

*Crawford v. Washington*, 541 U.S. 36 (2004).  The government should be entirely barred from introducing such testimonial statements.

## II.   FACTS

The Indictment charges Mr. Hansen and Ms. Erdmann with ten counts each of wire and mail fraud pertaining to operations of Northwest Territorial Mint ("NWTM"), of which Mr. Hansen was the founder, President, and CEO.  *See generally* Indictment (Dkt. 1), ¶ 7, ¶¶ 11-53.  Among other things, the Indictment alleges that Ms. Erdmann acted as the company's vault manager, that her duties included "allocating raw materials for bullion and customer orders" and that "[t]ogether, Hansen and Erdmann controlled almost every aspect of NWTM's bullion business." *Id.* ¶ 8.  A section of the Indictment entitled "Manner and Means of the Scheme to Defraud", *see id.* ¶¶ 16-47, includes a subsection which states "HANSEN and ERDMANN used NWTM customer money and metals for their own benefit", *id.* ¶¶ 46-47.  This subsection alleges that Mr. Hansen took company funds as "owner's draws," and that both Hansen and Erdmann allegedly "t[ook] cash from the vault," and used NTWM funds to allegedly pay personal expenses," including "to pay over $400,000 in personal expenses by making payments to ERDMANN"s credit card." *Id.*; *see also id.* at ¶ 24 ("[i]n some instances, [Hansen and Erdmann] used the bullion, or proceeds from the sale of the bullion, for their personal expenses") and ¶ 32 (defendants used customer money "to fund the NWTM business operations, or for their personal benefit").

In April 2016, Mr. Hansen voluntarily filed for bankruptcy protection of the company under Chapter 11.[1]  *Id.*  ¶ 10.  During the bankruptcy proceeding, the Trustee commenced adversary actions against Ms. Erdmann seeking to recover monies she purportedly obtained by fraud from the bankruptcy estate.  Declaration of Angelo J. Calfo ("Calfo Decl.") ¶ 2.  On June 2, 2016, Ms. Erdmann gave a deposition in connection with that proceeding, where she was questioned under

---

[1] *See generally In re Northwest Territorial Mint*, U.S. Bankruptcy Court, Western District of Washington, Case No. 16-11767-CMA.

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE TO EXCLUDE DEPOSITION
TESTIMONY OF CODEFENDANT
(Case No. 18-cr-0092-RAJ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

oath by counsel for the Chapter 11 Trustee, and by her own attorney. Calfo Decl. ¶ 3. The following day, Ms. Erdmann gave a deposition in a collection proceeding associated with a judgment issued against both NWTM and Mr. Hansen in a civil lawsuit out of Nevada, where Ms. Erdmann was questioned under oath by counsel for the Plaintiffs, and represented by her attorney.[2] *Id.* ¶ 4. During both civil proceedings, which occurred nearly two years before the criminal Indictment, a transcription was made by a stenographer. *Id.* ¶ 5.

The government has identified transcribed testimony of both defendants that it intends to introduce at trial, which includes the following deposition testimony from Ms. Erdmann:

- Proposed Exhibit 405a. Testimony that **Ms. Erdmann worked in the vault** at Federal Way to safeguard its contents and **to "maintain a buy list" for Mr. Hansen.** *See* Calfo Decl. Ex. A, p. 4 (35:11-16) ("Q: What was your job responsibility at the Federal Way Facility? A: To safeguard the previous metals, to process orders for shipment, to label the packages for shipment, *and to maintain a buy list so that Mr. Hansen would know what products he needed to buy*.").

- Proposed Exhibit 405b. Testimony by Ms. Erdmann about where Mr. Hansen "g[o]t his walking around cash when he needed cash" and how often Mr. Hansen allegedly took cash from the vault. *See* Calfo Decl. Ex. A, p. 6 (54:4-17). Specifically, Ms. Erdmann testifies that **Mr. Hansen got cash "from an owner's draw", and that "weekly, one or the other of us would make an owner's draw or I would do it on his behalf**." *Id.* at (54:10, 16-17).

- Proposed Exhibit 405d. Testimony by Ms. Erdmann that **"we"** – i.e., Ms. Erdmann and Mr. Hansen – **took products home after hours to sort for shipping, with specific reference to Mr. Hansen:** "so he would sort dollars and stuff for me for orders. I could never get him to do it during the day. He was just too busy." Calfo Decl. Ex. A, p. 8. Ms. Erdmann further states (in connection with the products that "we"—i.e. she and Mr. Hansen—took home to sort) that she would not make a record of something she took out of the vault to take home. *Id.* Ex. A (105:9-11).

- Proposed Exhibit 406a. Testimony from Ms. Erdmann that the source of funds for payment of her American Express and Chase credit cards was **from the Mint and through "owner's draws."** *See* Calfo Decl. Ex. B, p. 6 (80:16-20).

---

[2] The Court has ruled that details regarding the Nevada defamation suit are inadmissible at trial (unless Mr. Hansen elects to testify), though the existence of the civil suit and timing and amount of the judgment in this case may come up. *See* 12/15/20 Order (Dkt. 213), p. 2.

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE TO EXCLUDE DEPOSITION
TESTIMONY OF CODEFENDANT
(Case No. 18-cr-0092-RAJ) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

...

On March 31, 2021, counsel for the parties met and conferred via videoconference regarding Mr. Hansen's objections to the introduction of the proposed deposition testimony described above as violating his confrontation rights under *Bruton*. Calfo Decl. ¶ 6. Upon review of the statements, the government has indicated it believes that "none of the statements facially, expressly, clearly or powerfully implicate" Mr. Hansen. *Id.*

### III.   LAW & ARGUMENT

**A. The statements are "testimonial" under *Crawford*.**

Mr. Hansen has the right "to be confronted with the witnesses against him" under the Sixth Amendment. U.S. Const. amend. VI. "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *United States v. Mayfield*, 189 F.3d 895, 901 (9th Cir. 1999) (citing *United States v. Marsh,* 144 F.3d 1229, 1240 (9th Cir. 1998)). In the context of statements by a co-defendant, the Supreme Court held in *Bruton* (and its progeny *Richardson v. Marsh*, 481 U.S. 200 (1987), and *Gray v. Maryland*, 523 U.S. 185 (1998)), that a defendant like Mr. Hansen "is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *Richardson*, 481 U.S. at 207.

In reference to the Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36 (2004), the Ninth Circuit has recently clarified that "the specialized rules of *Bruton* fit comfortably within the *Crawford* umbrella", *Lucero v. Holland*, 902 F.3d 979, 987 (2018), in that "only testimonial codefendant statements are subject to the federal Confrontation Clause limits established in *Bruton*." 902 F.3d at 988. In *Crawford*, the Supreme Court suggested (without explicitly holding) that deposition statements made under oath are testimonial, *see* 541 U.S. at 51-52 ("extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, *depositions*, prior testimony, or confessions" are among the "core class" of testimonial statements) (emphasis added),

DEFENDANT ROSS HANSEN'S MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF CODEFENDANT
(Case No. 18-cr-0092-RAJ) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

and numerous courts have recognized deposition testimony as testimonial in situations similar to those here. *See, e.g.*, *United States v. Rakow*, No. CR 04-01563 MMM, 2006 WL 8445943, at *12 (C.D. Cal. July 3, 2006) (concluding codefendant's statements at bankruptcy proceeding were testimonial under *Crawford*); *United States v. W.R. Grace*, 455 F. Supp. 2d 1199, 1202 (D. Mont. 2006) (government's position that prior sworn statements contained in transcripts are not "testimonial" "holds no water" and that "[t]rial or deposition transcripts fall squarely within the core definition of what is testimony"). Moreover, the prior out-of-court statements are inadmissible hearsay as to Mr. Hansen: the government is plainly introducing them for the truth of the matter asserted, when they are admissions that directly align with the express allegations of the Indictment, as discussed further below. *See* Fed. R. Evid. 801(c).

Accordingly, Ms. Erdmann's sworn deposition testimony is subject to the limits of *Bruton*.

**B. Ms. Erdmann's deposition testimony facially, expressly, or powerfully incriminates Mr. Hansen.**

The government's position is that Ms. Erdmann's deposition testimony is not "facially, expressly, or powerfully incriminating" to Mr. Hansen. It is difficult to see how this possibly could be true when Ms. Erdmann's statements in Proposed Exhibits 405a, 405b, and 405d mention Mr. Hansen *by name*, and are admissions that she and Mr. Hansen did exactly what the Indictment alleges to be part of the alleged scheme. *Compare* Proposed Exhibit 405a (stating Ms. Erdmann's job responsibilities as vault manager included maintaining a "buy list" for Mr. Hansen) *with* Indictment ¶ 8 (alleging Erdmann's duties as vault manager included "allocating raw materials for bullion and customer orders" and "[t]ogether, Hansen and Erdmann controlled almost every aspect of NWTM's bullion business"); Proposed Exhibit 405b (stating Mr. Hansen got cash "from an owner's draw", and that "weekly, one or the other of us would make an owner's draw or I would do it on his behalf") *with* Indictment ¶ 46 (alleging Mr. Hansen took funds as "owner's draws," and that both Hansen and Erdmann allegedly "t[ook] cash from the vault," and used NTWM funds to allegedly pay personal

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE TO EXCLUDE DEPOSITION
TESTIMONY OF CODEFENDANT
(Case No. 18-cr-0092-RAJ) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1   expenses); and Proposed Exhibit 405d (stating that "we" took products home "so he would sort
2   dollars and stuff for me for orders" and that Erdmann did not keep records of products taken home)
3   *with* Indictment ¶ 24 (alleging [i]n some instances, [Hansen and Erdmann] used the bullion, or
4   proceeds from the sale of the bullion, for their personal expenses").  With respect to Proposed Exhibit
5   406a, wherein Ms. Erdmann says she paid credit card bills using "owner's draws"—with 'owner' in
6   the singular—it will be entirely obvious to the jury that she is referring to Mr. Hansen, the alleged
7   sole owner of the company.  *See United States v. Mayfield*, 189 F.3d 895, 902 (9th Cir. 1999)
8   (impermissible inference that codefendant named defendant as drug ringleader was unavoidable, if
9   not on its face, then certainly in the context of the previously admitted evidence at trial).  And like
10  the other statements at issue, this admission parrots the Indictment.  *See* Indictment ¶ 46 ("HANSEN
11  took more than $1,000,000 of NWTM funds in owner's draws. These draws included . . . directing
12  the company to use NWTM funds to pay personal expenses", including "by making payments to
13  ERDMANN's credit card.").

14  These admissions are plainly inculpatory as to Mr. Hansen—and powerfully so—when they
15  make obvious if not explicit reference to him, and precisely track the allegations in the Indictment.
16  *See, e.g.*, *United States v. Ludke*, 2018 WL 1378759 at *3 (E.D. Wis. Mar. 19, 2018) (nontestifying
17  codefendant's statement that he and defendant were "taking a drive down south" was powerfully
18  incriminating in context of allegations of material support allegedly provided to defendant).

19  **C. The deposition testimony of Ms. Erdmann should be excluded or redacted.**

20  Because the statements of Ms. Erdmann that the government proposes to offer are
21  "powerfully incriminating" as to Mr. Hansen, they must be excluded unless it is possible for the
22  statements to be redacted.  *See, e.g.*, *United States v. Hernandez-Orellana*, 539 F.3d 994, 1000 (9th
23  Cir. 2008) "[p]rudence dictate[d]" that codefendant's statements be edited such that defendant was
24  not named or implicated to avoid problems under *Bruton* or *Crawford* where defendant
25  allegedly participated in a conspiracy to bring aliens from Mexico to the United States for financial

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE TO EXCLUDE DEPOSITION
TESTIMONY OF CODEFENDANT
(Case No. 18-cr-0092-RAJ) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

gain). But redaction alone does not *ipso facto* overcome a *Bruton* challenge. Rather, the manner and extent of redaction is determinative: for example, redaction of the confession of a non-testifying co-defendant by replacing the defendant's name with an obvious indication of deletion such as a blank space, the word "deleted," or similar symbol, violates *Bruton*. *See Gray*, 523 U.S. at 192 (explaining *Bruton* applies where inferences "involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial."). *Id.* at 196.

Here, with respect to Proposed Exhibits 405a, b, and d, replacing Mr. Hansen's name with "an obvious blank space or symbol or word such as 'deleted'" would be insufficient, when he is the *only* codefendant. *Gray*, 523 U.S. at 189. Additionally, "substitution of a neutral pronoun or symbol in place of [Mr. Hansen's] name is not permissible if it is obvious that an alteration has occurred to protect the identity of a specific person." *United States v. Peterson*, 140 F.3d 819, 822 (9th Cir. 1998). *See also Richardson*, 481 U.S. at 211 (redaction must "eliminate not only defendant's name, but any reference to [his] … existence"). For similar reasons, Ms. Erdmann's testimony in Proposed Exhibit 406a cannot be redacted so as to not allow for the obvious inferences that Mr. Hansen allowed the Mint to pay Ms. Erdmann's credit cards, or that such cards were paid through "owner's draws," when Mr. Hansen is the sole alleged owner of the company. *See U.S. v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007) (statements of nontestifying codefendant violated *Bruton*; though statements directly referred to him without mentioning his name it was "obvious that a jury immediately would understand that the terms 'partner' and 'his driver' were meant to refer to [the defendant]."); *United States v. Zuniga*, 2021 WL 1345867 at *3 (D. N.J. Apr. 12, 2021) (proposed redactions merely referring to codefendant "with a pronoun or vague descriptor" not enough to introduce statement when the two codefendants were the *only* two defendants charged for same drug

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE TO EXCLUDE DEPOSITION
TESTIMONY OF CODEFENDANT
(Case No. 18-cr-0092-RAJ) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

conspiracy).  Accordingly, the Court should exclude these statements in their entirety, as redaction of these statements would not protect Mr. Hansen's Confrontation Clause rights.

### IV.     CONCLUSION

For all of these reasons, Mr. Hansen requests that the Court exclude the government's designated portions of Ms. Erdmann's transcribed statements for Proposed Exhibits 405a, 405b, 405d, and 406a.

Dated this 19th day of April, 2021.

Respectfully submitted,

CALFO EAKES LLP

By:     *s/ Angelo J. Calfo*
Angelo J. Calfo, WSBA #27079
Patty Eakes, WSBA # 18888
Anna F. Cavnar, WSBA #54413
Henry C. Phillips, WSBA #55152
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: (206) 407-2200
Fax:  (206) 407-2224
angeloc@calfoeakes.com
pattye@calfoeakes.com
annac@calfoeakes.com
henryp@calfoeakes.com

*Attorneys for Defendant Bernard Ross Hansen*

DEFENDANT ROSS HANSEN'S MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF CODEFENDANT
(Case No. 18-cr-0092-RAJ) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224