HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
8                AT SEATTLE

9   UNITED STATES OF AMERICA,                  Case No.  CR18-0092-RAJ

10                        Plaintiff,           **DEFENDANT ROSS HANSEN'S**
                                               **MOTION IN LIMINE REGARDING**
11          v.                                 **LEGAL OPINIONS**

12   BERNARD ROSS HANSEN, and
     DIANE RENEE ERDMANN,
13
                          Defendants.          NOTE ON MOTION CALENDAR:
14                                             May 3, 2021

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 1

## I.    INTRODUCTION

Ross Hansen brings this motion in limine to preclude the government from offering as evidence any legal opinions—and in particular any legal opinions that Mr. Hansen has violated the law.   The government has indicated that it plans to offer testimony from three lawyers who previously represented Mr. Hansen's company, Northwest Territorial Mint.   None are designated as experts.   The government has also indicated that it plans to introduce communications from those lawyers as exhibits during trial.   Three of those communications assert the legal opinion that Mr. Hansen has committed a crime.   And one of the communications specifically opines that Mr. Hansen has violated *the very same criminal statute* that the jury will be asked to rule on at trial.

The Federal Rules prohibit this type of evidence.   Rule 701 prohibits the introduction of specialized opinion testimony through lay witnesses—which is what these lawyers would be, having not been designated as experts by the government.   And even if the government did have experts through whom to offer these opinions, the opinions would still be inadmissible legal conclusions under Rules 702 and 704(b), because it is the jury *alone* that is tasked with deciding whether Mr. Hansen violated the law.   And even setting the rules about opinion testimony aside, Rule 403 bars this evidence.   The government has indicated that this evidence will have probative value as to Mr. Hansen's intent, but the government need not prove that Mr. Hansen knew he was violating the law to prove intent.   Balanced against that minimal probative value is the immense danger of unfair prejudice to Mr. Hansen.   This evidence would invite the jury to substitute the legal opinions of the government's witnesses for the instructions from this Court, and to substitute the judgment of the government's witnesses for the jury's own.   For these reasons, similar evidence is routinely excluded by courts, and this Court should do likewise here and exclude any legal opinions about whether Mr. Hansen was violating the law.

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## II.     BACKGROUND

**A. The government has indicated that it might elicit testimony or introduce exhibits containing improper legal opinions.**

The government's preliminary witness list includes three former lawyers for Northwest Territorial Mint ("NWTM"): former general counsel Greg Fullington and former assistant general counsels Catherine Hopkins and Amelia Swan, any of whom might seek to offer legal opinion testimony about whether Mr. Hansen or his company ever violated the law.  *See* Declaration of Angelo J. Calfo ("Calfo Decl.") Ex. A.   Indeed, the government's exhibit list includes communications containing legal opinions from two of those lawyers:  specifically, a September 2015 memorandum from Greg Fullington, Calfo Decl. Ex. B; an October 2015 letter from Greg Fullington, Calfo Decl. Ex. C; and an August 2011 memorandum from Catherine Hopkins, Calfo Decl. Ex. D.

The September 2015 memorandum from Greg Fullington includes the following legal opinions:

- "NWTM and Ross Hansen are more likely than not engaging in business practices that amount to fraud, misappropriation of customer funds, and Ponzi scheme pursuant to 18 U.S.C. § 1343 and 17 C.F.R. § 180.1.  It is my belief that these business practices expose NWTM and Ross Hansen to criminal and civil liability."

- "[I]f charged, your sentence would likely be similar to what Tulving[1] will be sentenced to (12.5–15.5 years)."

- "[I]f charged similarly to Tulving, the sentence he would receive and . . . your sentence would likely be similar, given that I believe[] that your criminal history [i]s too distant to be used to enhance any sentence you might receive."

---

[1] This refers to a criminal defendant in another case named Hannes Tulving.

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

- "Tulving's activities for which charges were brought (criminally and civilly) were similar to activities I believe are currently being undertaken by NWTM."

- "Based on the *Information and Complaint,* these business practices are a violation of the law, and the monies are not being spent on customer orders as agreed when a customer places his/her order.  This, in and of itself appears to be a basis for a criminal and/or civil charge or charges."

- "Any statement that is sent to customers stating that they have a certain amount of stored bullion, when in fact they do not, is fraud.  Further, this may be theft (criminal) or conversion (civil), since NWTM did not have authority or permission to use the stored bullion."

Calfo Decl. Ex. B.

The October 2015 letter from Greg Fullington includes the legal opinion that "you [Ross Hansen] and Northwest Territorial Mint (NWTM) are currently engaging in business practices and policies that expose you and NWTM to liability, both civilly and criminally."  Calfo Decl. Ex. C.

The August 2011 memorandum from Catherine Hopkins includes the following legal opinions:

- "NWTM is not complying with the requirements of our Storage Agreement . . . ."

- "NWTM is not maintaining adequate insurance coverage to fully insure all stored bullion as required by the Storage Agreement . . . ."

- "NWTM has a fiduciary duty to the owners of the stored metals . . . ."

- "Civil liability and criminal charges could result from the practices described above and from other potential deviations from the Storage Agreement."

- "I [Ms. Hopkins] could be subject to civil liability and criminal charges if I knowingly assist in such activity."

Calfo Decl. Ex. D.

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 4

1    **B.  The parties have met and conferred on this issue.**

2           On March 31, 2021, the parties met and conferred about the legal opinions that are contained

3    in the government's exhibits and that might be offered by the government's witnesses.  Calfo Decl.

4    ¶ 7.  The government indicated at that time that it indeed plans to offer legal opinions from NWTM's

5    lawyers and that it plans to do so without offering any witnesses as legal experts.  *Id.*  When asked

6    for the basis for offering these legal opinions, the government indicated that they go to Mr. Hansen's

7    "intent."  *Id.*[2]

8                                    **III.    ARGUMENT**

9           There are three independent reasons why the Court should exclude legal opinions that Mr.

10   Hansen violated the law:  First, the government has not designated any experts qualified to offer

11   these legal opinions, making them inadmissible lay opinions under Rule 701.  Second, these opinions

12   are inadmissible legal conclusions that would invade the province of the jury.  Third, any probative

13   value of these opinions is substantially outweighed by the danger of unfair prejudice to Mr. Hansen,

14   making these opinions inadmissible under Rule 403.

15   **A.  The legal opinions are inadmissible under Rule 701 because the government has not
16        designated any experts qualified to offer legal opinions.**

17          Federal Rule of Evidence 701 precludes lay witnesses from offering opinions that are based

18   on "scientific, technical, or other specialized knowledge."  Because legal opinions are based on

19

20   ---

[2] The Court may be wondering why the September 2015 Fullington memorandum, which was addressed to Mr. Hansen
21   and discussed his personal criminal liability, is not protected by Mr. Hansen's personal attorney-client privilege.
Undersigned counsel believes that it should be, and, in fact, wrote to the government in November 2020 to request that
22   the government not offer this memorandum at trial because it is a privileged communication offering legal advice
personal to Mr. Hansen.  Calfo Decl. Ex. E.  As counsel explained in that letter, both the government and Mr. Hansen's
prior counsel should have recognized from the face of the memorandum that the memorandum is a privileged
23   communication.  *Id.*  But the government failed to respect the privileged nature of the memorandum when it first obtained
it, and Mr. Hansen's prior counsel likewise failed to assert Mr. Hansen's privilege after learning of the disclosure, instead
24   choosing to file the memorandum on the public docket in connection with a motion on a separate privilege issue, *see*
Dkt. 63-4.  As Mr. Hansen's current counsel explained to the government, prior counsel's failure to assert Mr. Hansen's
privilege could be grounds for an ineffective-assistance-of-counsel claim, should the government use the memorandum
25   at trial and obtain a conviction.  Calfo Dec. Ex. E.  The government has indicated that it nevertheless plans to use the
memorandum at trial.  Calfo Decl. ¶ 7.

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

"specialized knowledge," they are not admissible through lay witnesses.  *See Skolnik v. Lehman Bros. Bank, FSB*, No. SACV121197JGBANX, 2014 WL 12927314, at \*4 (C.D. Cal. Apr. 2, 2014). This limitation applies "regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation."  *See Gately v. City of Port Hueneme*, No. CV 16-4096-GW(JEMX), 2017 WL 8236269, at \*12 (C.D. Cal. Oct. 2, 2017) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 n.2 (7th Cir. 2004)).

Here, the government has indicated that it does not plan to call NWTM's lawyers as experts. Calfo Decl. ¶ 7.  Greg Fullington, Catherine Hopkins, and Amelia Swan are therefore lay witnesses who are subject to Rule 701's limitations, meaning that they can testify only to facts they perceived, not to their legal opinions about those facts.  *See, e.g.*, *Montgomery v. Union Pac. R.R. Co.*, No. CV-17-00201-TUC-RM, 2019 WL 1787326, at \*7 (D. Ariz. Apr. 24, 2019) ("Lay witnesses may testify to facts based on their personal knowledge.  They may not provide subjective opinions that Defendant's conduct was unfair or illegal.").

Rule 701's limitations also apply to out-of-court opinions—lay legal opinions are inadmissible even when contained in exhibits.  *See, e.g.*, *Christiansen v. Nat'l Sav. & Tr. Co.*, 683 F.2d 520, 529 (D.C. Cir. 1982) (out-of-court statement about existence of fiduciary duties inadmissible as lay legal opinion).  For example, in *Bensen v. Am. Ultramar Ltd.*, No. 92CIV.4420(KMW)(NRB), 1996 WL 422262, at \*13 (S.D.N.Y. July 29, 1996), the court ruled that a series of legal memoranda written by a company's law firm were inadmissible under Rule 701, finding the opinions especially problematic because they "are framed by lawyers, who a jury may see as experts instructing them on the law."  And in *Mitroff v. Xomox Corp.*, 797 F.2d 271, 276 (6th Cir. 1986), the court vacated a jury verdict because the district court had allowed the jury to hear an out-of-court legal opinion from an individual who had not been designated as an expert.

Here, the government has designated three exhibits for trial that contain a multitude of legal opinions, including the opinion that Mr. Hansen has committed a crime, without designating any

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 6

experts qualified to offer those opinions.  That is improper under Rule 701 and the Court should therefore issue an order precluding the government from offering any legal opinions from lay witnesses through either out-of-court statements or in-court testimony.

**B. Opinions about whether Mr. Hansen violated the law are inadmissible legal conclusions.**

Even if the government did have an expert through whom it could offer legal opinions about whether Mr. Hansen violated the law (it does not), those opinions would still be inadmissible, because they invade the province of the jury.  The Ninth Circuit has made clear that "an expert cannot testify to a matter of law amounting to a legal conclusion."  *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015); *see also Cummings v. Worktap, Inc.*, No. C 17-6246 SBA, 2019 WL 4221652, at *9 (N.D. Cal. Sept. 4, 2019) ("[A] witness—even an expert—cannot opine as to whether a legal violation has occurred.").  For example, courts routinely exclude the use of the word "fraud" to describe a person's conduct.  *See United States v. Perkins*, 470 F.3d 150, 158 (4th Cir. 2006) ("[C]onclusory testimony . . . that an investment house engaged in a 'fraudulent and manipulative scheme' involves the use of terms with considerable legal baggage; such testimony nearly always invades the province of the jury."); *see, e.g.*, *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, No. CIV.A. 5:11-374-DCR, 2014 WL 1664263, at *5 (E.D. Ky. Apr. 25, 2014) (excluding testimony about "fraud" and "intent" because they "are legal terms that have special significance within the law"); *Haralson v. Mid-Ohio Sec. Corp.*, No. 1:04CV637, 2005 WL 6042719, at *2 (N.D. Ohio Oct. 19, 2005) (excluding opinion that conduct was fraudulent because it improperly invades "the province of the court to determine the applicable law and to instruct the jury as to that law.").

The prohibition on legal conclusions is further reinforced in criminal cases by Rule 704(b), which expressly prohibits expert witnesses from stating "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged."  As

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

the Ninth Circuit has explained, this rule prohibits opinion "testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite *mens rea*." *United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997).  For example, because fraudulent intent is a necessary element of fraud, a lawyer's opinion that a defendant engaged in fraud violates the Ninth Circuit's formulation of this rule.  In other words, the opinion that the defendant engaged in fraud "expressly draws the conclusion or inference that the defendant acted with the intent to defraud," in violation of Rule 704(b).  *United States v. Cooper*, 286 F. Supp. 2d 1283, 1295 (D. Kan. 2003); *see also United States v. Gallion*, 257 F.R.D. 141, 156 (E.D. Ky. 2009) (excluding opinion testimony's use of terms related to "fraud" because "intent to defraud is a necessary element in the crimes charged, and opinions using these terms go beyond merely suggesting the ultimate conclusion"), *aff'd sub nom. United States v. Cunningham*, 679 F.3d 355, 380–81 (6th Cir. 2012).

The legal opinions contained in the government's trial exhibits—and that its witnesses might testify to—are improper legal conclusions.  Indeed, all three of the exhibits described above contain some version of the opinion that Mr. Hansen's conduct exposes him to "criminal liability."  *See, e.g.*, Calfo Decl. Ex. B at FBI302_007372 ("[T]hese business practices expose NWTM and Ross Hansen to criminal and civil liability."), Ex. C ("[Y]ou and Northwest Territorial Mint (NWTM) arc currently engaging in business practices and policies that expose you and NWTM to liability, both civilly and criminally."), and Ex. D at FBI302_000075 ("[B]oth civil liability and criminal charges could result from the practices described above . . . .").  But this is precisely what the jury will be charged to decide, and these legal conclusions should therefore be excluded.  *See Cummings*, 2019 WL 4221652, at *9 ("[A] witness—even an expert—cannot opine as to whether a legal violation has occurred.").

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1

> 1. *The September 2015 Fullington Memorandum contains uniquely pervasive legal conclusions and should therefore be excluded in its entirety.*

While all three communications at issue in this motion contain improper legal conclusions, the legal conclusions in the September 2015 Fullington memorandum are uniquely prejudicial and pervasive. The Court should exclude it in its entirety.

As the Fullington memorandum itself makes clear, the sole focus of the document is Mr. Fullington's legal conclusion that Mr. Hansen has committed a crime—and not just any crime, *but the very crime that Mr. Hansen will be on trial for*. The memorandum indeed appears to echo the indictment, opining that Mr. Hansen's conduct "amount[s] to fraud, misappropriation of customer funds, and Ponzi scheme pursuant to 18 U.S.C. § 1343." Calfo Decl. Ex. B at FBI302_007372; *cf.* Indictment, Dkt. 1, at ¶ 15 ("[O]rders were fulfilled by using money from newer customers. . . In this manner, HANSEN and ERDMANN used the mails to operate a fraud similar to the type commonly referred to as a Ponzi scheme."). The memorandum even goes on to opine that Mr. Hansen could be imprisoned for 12.5–15.5 years if charged under with fraud, *see* Calfo Decl. Ex. B at FBI302_007372, leaving no doubt that Mr. Fullington is opining that Mr. Hansen is guilty of criminal fraud. And the entire memorandum is directed at that inadmissible and prejudicial topic; any factual assertions within the memorandum, in addition to being inadmissible hearsay, are inextricably intertwined with Mr. Fullington's legal conclusions. Because any effort to isolate the factual assertions from the legal conclusions would likely be ineffective or would risk confusing the jury, the Court should exclude the Fullington memorandum in its entirety. *Cf. Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2007 WL 1932922, at *3 (N.D. Cal. June 29, 2007) (striking entirety of declaration in which "legal conclusions are pervasive," explaining that the "Court will not endeavor to rewrite the entire declaration, striking or allowing testimony on a sentence-by-sentence basis").

DEFENDANT ROSS HANSEN'S MOTION IN LIMINE REGARDING LEGAL OPINIONS (Case No. 18-cr-0092-RAJ) - 9

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

**C. The opinions are also inadmissible under Rule 403 because they are unfairly prejudicial and not probative of the elements of mail and wire fraud.**

Regardless of whether any legal opinions from NWTM's lawyers would be admissible under Rules 701, 702, and 704, the Court should exclude those opinions under Rule 403. The opinions have little, if any, probative value, which would be substantially outweighed by the risk that the jury would simply accept the opinions of NWTM's lawyers rather than following the instructions from the Court and applying their own judgment to the evidence.

The government's purported basis for offering these legal opinions—as evidence of Mr. Hansen's intent—is off the mark: To prove mail and wire fraud, the government does *not* need to prove that Mr. Hansen knew his conduct was *illegal*, only that he had the intent to defraud the alleged victims in this case. *See United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004).

Balanced against that minimal probative value is an extreme and unavoidable risk of jury confusion and prejudice. If the Court were to allow opinions—from legally trained witnesses—that Mr. Hansen committed a crime, the jury might well substitute the judgment of those lawyers for their own, and substitute the legal opinions of those lawyers for the instructions from this Court. That is textbook unfair prejudice, and alone warrants exclusion under Rule 403. *See, e.g.*, *United States v. Scop*, 846 F.2d 135, 140 (2d Cir. 1988) (testimony that defendants "'engaged in a manipulative and fraudulent scheme,'" was "highly prejudicial" and gave "the appearance that the court was shifting to witnesses the responsibility to decide the case"); *Montgomery*, 2019 WL 1787326, at *7 (testimony that "[d]efendant's conduct was unfair or illegal" is not "helpful to determining a fact in issue" and "poses a risk of prejudicing, confusing, and misleading the jury"). Indeed, as the court in *Bensen* explained, admitting legal conclusions presents "an enormous risk that the jury might simply accept the lawyers' views as to the legal conclusions, even if flawed." 1996 WL 422262, at *13. Not only that, admitting legal conclusions from one party "would undoubtedly result in defendants offering rebuttal opinion testimony from lawyers expressing the

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

opposite conclusions" which "might confuse the jury into believing that its role is to determine which opinion to adopt, rather than to determine the facts of the case." *Id.* So, too, here. Allowing the government to introduce legal opinions from lawyers that Mr. Hansen committed a crime would prompt a battle over the reliability of those opinions, rather than over the facts of the case. That danger of unfair prejudice alone warrants excluding from evidence any legal opinions that Mr. Hansen violated the law.

> 1.  *The September 2015 Fullington Memorandum presents unique risks of unfair prejudice that warrant its exclusion in its entirety.*

The September 2015 Fullington memorandum presents a unique risk of unfair prejudice and should be excluded in its entirety pursuant to Rule 403. For one thing, the Fullington memorandum opines that Mr. Hansen could be imprisoned for 12.5–15.5 years if convicted for fraud, *see* Calfo Decl. Ex. B at FBI302_007372, but the Ninth Circuit has made clear that "it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). The memorandum also references Mr. Hansen's criminal history—a topic this Court has already held to be inadmissible. *See* Dkt. 213 at 3–4. And, besides, the probative value of the memorandum is low, particularly because Mr. Fullington is on the government's witness list. If the government wants to introduce any admissible facts contained in the memorandum, the government can do so through live testimony from Mr. Fullington—it need not rely on a memorandum that is entirely directed at expressing an inadmissible legal conclusion.

## IV.    CONCLUSION

The Court should preclude the government from offering legal opinions from lay witnesses—in particular, any legal opinions about whether Mr. Hansen violated the law. The government should be precluded from introducing any exhibits containing any such legal opinions,

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 11

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

and any testimony from Greg Fullington, Amelia Swan, and Catherine Hopkins should be limited to facts they perceived without application of any specialized legal knowledge.

Dated this 19th day of April, 2021.

Respectfully submitted,

CALFO EAKES LLP

By: _____s/ Angelo J. Calfo_____
Angelo J. Calfo, WSBA #27079
Patty Eakes, WSBA # 18888
Anna F. Cavnar, WSBA #54413
Henry C. Phillips, WSBA #55152
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: (206) 407-2200
Fax:  (206) 407-2224
angeloc@calfoeakes.com
pattye@calfoeakes.com
annac@calfoeakes.com
henryp@calfoeakes.com

*Attorneys for Defendant Bernard Ross Hansen*

DEFENDANT ROSS HANSEN'S MOTION IN
LIMINE REGARDING LEGAL OPINIONS
(Case No. 18-cr-0092-RAJ) - 12

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224