THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. DIANE RENEE ERDMANN, Defendant. | NO. CR18-092RAJ<br><br>ORDER ON DEFENDANT DIANE RENEE ERDMANN'S MOTIONS IN LIMINE |

THIS MATTER has come before the Court upon defendant Diane Renee Erdmann's Motions in Limine. Dkt. 234. Having considered the motions, the government's response (Dkt. 240), and the files and pleadings herein, the Court **GRANTS IN PART** and **DENIES IN PART** the defendant's motions. Unless stated otherwise, the Court's rulings apply equally to both defendants and each party is expected to advise their clients and witnesses of the Court's rulings.

1. Evidence of the complaint in the Consumer Protection Act action.

Defendant Erdmann seeks to exclude any use of the complaint in the Consumer Protection action. The government has conceded that it will not offer the complaint itself as evidence at trial. Dkt. 240, p. 4. The Court will hold the government to its word. This Court previously ruled that the Consent Decree and evidence of the 2014 investigation by

the Office of the Washington State Attorney General are admissible.  Dkt. 213.  While the complaint itself will not be admissible, the government is free to offer testimony about the allegations to explain the circumstances that led to the Consent Decree and the subsequent further investigations of Northwest Territorial Mint (NWTM).  Thus, the motion is **GRANTED IN PART** and **DENIED IN PART**.

2. <u>Reference to American Express charges for personal expenses as "Fraudulent Transfers."</u>

Defendant Erdmann seeks to exclude testimony or evidence characterizing amounts in personal American Express charges as "fraudulent" or "fraudulent transfers." The government has conceded that it does not intend to characterize these charges as "fraudulent transfers" and will refrain from using that term in connection with Ms. Erdmann's American Express charges.  The Court will hold the government to its word.  The defendant's motion is therefore **GRANTED**.

3. <u>Reference to Ms. Erdmann's sale of metal to pay the retainer for the Tracey Law Group.</u>

Defendant Erdmann seeks to exclude evidence that between March 2016 and June 2017, she sold precious metal from NWTM's vault and used the proceeds to pay a retainer for bankruptcy counsel, the Tracey Law Group.  She contends this evidence is irrelevant and unduly prejudicial.  The defendant's argument is premised upon the contention that because the bankruptcy court found the Trustee had not carried its burden to show the metal sold was stolen from NWTM's vaults, this Court should be bound by that determination in assessing what is relevant evidence in the instant case.  The Court finds no such restriction binding on its assessment of what is relevant evidence in the instant matter.  The Court notes that not even the bankruptcy court made a finding that the government's proffered evidence was irrelevant, only that it failed to meet the burden of proof.

The test for relevant evidence is found at Federal Rule of Evidence 401 and provides in part: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence."

Evidence of the bankruptcy will most certainly be presented during the cases presented by the government and the defendant. Evidence of the bankruptcy, its timing, how it was paid for, efforts of the defendants to retain control of the company, and what conversations occurred before and during its initiation are relevant.

The Court has considered the defendant's Rule 403 argument and finds it to be unpersuasive. As noted above, the fact that NWTM was involved in bankruptcy proceedings will unavoidably be a part of the evidence in this case. Rule 403 dictates that this Court determine whether the adverse effect *substantially outweighs the probative value of the evidence.* In other words, the negative attributes of the evidence must substantially outweigh its probative value before exclusion is justified. The fact that lawyers were involved in that process comes nowhere close to meeting the requirements of the Rule.

For these reasons, Ms. Erdmann's motion to exclude is **DENIED**.

4. <u>Evidence of conduct outside the scope of the transactions alleged in the twenty counts in the Indictment.</u>

The government has alleged twenty counts of mail and wire fraud based on twenty specific transactions occurring within a roughly two-year period. The specifics of the motion seek exclusion of evidence from before the twenty charged transactions, or July 2014. Included in this objection is an August 2011 memorandum from Catherine Hopkins, who resigned as NWTM assistant general counsel in April 2012. There is no evidence this memorandum was provided to either of the defendants in this case. Rather, the memorandum was ostensibly a memorialization of the conversation Ms. Hopkins had with Mr. Hansen.

The defendant's motion attacks the probative value of the accusations preceding the time period of the Indictment and the unfair prejudice that may result from its

admission. The defendant also seeks to exclude the evidence arguing it does not fit in either category of inextricably intertwined evidence, citing several Ninth Circuit cases including *United States v. DeGeorge*, 380 F.3d 1203 (9th Cir. 2004) which this Court referenced in its prior Order. Dkt. 213. Last, the defendant expresses her concern that admission of this type of evidence would "explode the scope of the trial dramatically" because of the expanded scope of time. Dkt. 234, at 7. The defendant's arguments are not persuasive for several reasons.

First, as noted by the government, the Indictment charges that "beginning no later than 2009, and continuing through the bankruptcy, Defendants devised a scheme to defraud NWTM customers." Dkt. 1 at 4. On its face, the contested evidence appears to be outside of the charged time period. However, the defendant is charged with multiple counts of wire fraud. The elements of wire fraud are: (1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud. *United States v. Loftis*, 843 F.3d 1173 (9th Cir. 2016).

Highly apposite and squarely on point is *Loftis,* where the Court clearly indicated the crime charged in a wire fraud prosecution includes not only the specific executions of the scheme alleged as the second element of the offense, but also the overall scheme alleged as the first element of the offense. *Id.* at 1176. The Court further noted that the commission of a mail fraud or wire fraud offense necessarily includes a fraudulent scheme as a whole . . . including additional executions of the scheme that were not specifically charged. *Id*. at 1176. Hence, evidence of transactions beyond those charged is admissible as proof of the overall scheme to defraud. In this context, such evidence is not prohibited under Fed. Rule of Evid. 404(b) or as objected to by the defendant.

The Court thus agrees with the government's summary of the Ninth Circuit ruling in *Loftis* that "In the context of mail and wire fraud, we have held that uncharged transactions that are part of an overall scheme are 'part of the same transaction' as the charged transactions, such that evidence of the uncharged transactions falls under the inextricably intertwined exception." *Loftis,* at 1178.

As noted above, two of the elements of the charged fraud include the scheme charged and the intent to defraud. Ms. Hopkins' memo is admissible as it goes to the description of what she observed, the scheme, and what was communicated to Mr. Hansen, which goes to the intent element. The Hopkins memo thus goes to the knowledge that existed in 2011 that predates the charged offenses.

Ms. Erdmann also contends the evidence should not be allowed under the "undue prejudice" prong of Rule 403. The Rule only excludes unfairly prejudicial evidence. Considering the Court's ruling that elements of the fraud include "scheme" and "intent" evidence, the Court concludes that this is highly probative of elements of the charged offenses in this case and not substantially outweighed by the dangers claimed by the defendant. Moreover, this evidence appears to go to providing the jury a complete story of the evidence.

Last, this Court is mindful of the defendant's concern and fear that the "older" evidence will explode the scope of the trial dramatically. The defendant has the assurance from this Court that while it will tolerate a degree of presentment of the "scheme" and "intent" evidence, it has no plans on allowing the government to offer evidence of thousands of transactions and communications at trial.

For these reasons, the defendant's motion is **DENIED**.

5. <u>Evidence of incriminating codefendant statements by Mr. Hansen.</u>

The defendant seeks to preclude the government from offering evidence of two statements by Mr. Hansen under *Bruton v. United States*, 391 U.S. 123 (1968). These two statements have been designated as Exhibits 401a and 402a. The contents of the statements have been presented in detail in the defendant's memorandum and will not be repeated.

Both parties accurately state the law. There is no dispute that under *Bruton* a defendant's Sixth Amendment right to confront witnesses may be prejudiced when the government introduces statements by a non-testifying codefendant. Both parties also

agree that such statements violate the Confrontation Clause when they "facially, expressly, or powerfully implicate the defendant." *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007).

The Court agrees that the subject statements are different from the type of codefendant confessions as presented in *Bruton* where one defendant was unequivocally making incriminating statements about the other. While not as powerful as in *Bruton*, the proffered government exhibits reflect statements that facially implicate Ms. Erdmann taking funds from NWTM to use for personal expenses. These statements pertain to the exact allegations reflected in the Indictment that the defendants took funds from NWTM to use for personal expenses. *See* Indictment at ¶¶ 13, 17, 24, 32, 46 and 47.

The Court finds that complete exclusion of the statements is not the proper remedy, rather redaction. As to Exhibit 401, the proper redaction should read:

> Q. You are the breadwinner in your household. So, when these kinds of expenses come due, tell me the normal process of how they are provided for.
>
> A. [By Mr. Hansen] Well, XXX will tell me, you know, we have two or three thousand dollars' worth of bills. Can I take that money out of the vault? I authorize that. And XXX doesn't usually give me an itemization. I just tell XXX, that's okay.

Likewise, regarding Exhibit 402a, the government is to redact the name Diane and place X's in place of the pronouns "I," "her" and "she." These redactions eliminate the defendant's concerns that the statements would facially implicate her. The Court finds that the redactions as submitted substitute a neutral pronoun or delete the name of Ms. Erdmann and thus do not compel a direct implication to her.

To ensure that the redactions comport with the intent of this ruling, the government is directed to provide to the defendants the redacted versions of the referenced exhibits within seven (7) business days from the date of this Order.

For these reasons the defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

6. Excluding non-party witnesses.

The government agrees that all non-party testifying witnesses should be excluded from the courtroom until their testimony has concluded and they have been released by the Court. Thus, the defendant's motion is **GRANTED**. The government's case agent shall be counted as a party witness and excluded from this prohibition.

7. Excluding mention of motions in limine.

The government agrees not to mention the parties' motions in limine. Thus, this motion is **GRANTED**.

8. Excluding mention of prior attorneys.

The government agrees not to refer to any of Ms. Erdmann's prior attorneys except for Ron Friedman. The Court will allow testimony to explain the full scope of work done by his firm, Karr Tuttle Campbell, if defendants seek to admit evidence of work done by Dino Vasquez. The Court will restrict any such references to the extent they would be inconsistent with this Court's Order on the Government's Motion to Exclude Testimony of Dino Vasquez. Dkt. 256. Otherwise, the defendant's motion is **GRANTED**.

9. Excluding inflammatory language.

The defendant has requested a broad-based prohibition on the government's use of inflammatory argument designed to inflame the jury's passions in an unduly prejudicial manner. The Court will not rule in a vacuum on such a broad-based objection, rather, the defendant is free to interpose objections to such language should such occur during the trial. Therefore, this motion is **DENIED**.

///
///
///
///

10. <u>Motion to exclude legal opinions.</u>

This motion is a mere joinder of that raised by her codefendant. Ms. Erdmann will be bound by the Court's ruling on that motion.

DATED this 26th day of May, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge