HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | Case No.  CR 18-0092-RAJ |
| Plaintiff, | JOINT REPLY IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY RULING ON ADMISSIBILITY OF BANKRUPTCY COURT FEE ORDER |
| v. | |
| BERNARD ROSS HANSEN, and DIANE RENEE ERDMANN, | **Noted on Motions Calendar: July 11, 2021** |
| Defendants. | *(Oral Argument Requested)* |

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2278

## I.   INTRODUCTION

Make no mistake—the government's questions about the bankruptcy court's orders were strategic.  The government has long known that one of the main arguments from the defense in this trial would be that the bankruptcy trustee, Mark Calvert, improperly accounted for the assets of NWTM.  The government's awareness of this defense strategy is why, in the months prior to this trial, the government repeatedly tried to insulate its case from that attack, including by dropping Mr. Calvert as an expert witness, then dropping Mr. Calvert and all of his associates off its witness list entirely,[1] and, most notably, filing a motion in limine trying to exclude evidence about the trustee's conduct.  And it is also why the government did what led to this motion:  elicited testimony that the bankruptcy court had approved Mr. Calvert's disposition of assets held in NWTM's vaults.

The government argues in its response that its questions "served no purpose other than to let Robinson explain why she did what she did."  Response, Dkt. 317 at 6.  This strains credulity. The goal of this testimony, no doubt, was to give the jury the false impression that an "authoritative, professional factfinder" had approved the accounting and disposition of NWTM's assets.  *Cf.* Order on MIL, Dkt. 268 at 6 (quoting *United States v. Sine*, 493 F.3d 1021, 1033 (9th Cir. 2007)).  And because this Court had already granted the government's motion in limine to exclude the fee order, the government knew that the defense would have no way to rebut that false impression.

The Court should not condone this sword-and-shield use of this Court's motion-in-limine ruling.  The Court should instead, consistent with Ninth Circuit case law, find that the government opened the door to the fee order.

---

[1] In an email to counsel on July 18, 2021, the government represented that it does not plan to call *any* of the employees of Mark Calvert's accounting firm, including Jody Quick, Chris Unwin, and Tod McDonald.

JOINT REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY RULING ON ADMISSIBILITY
OF BANKRUPTCY COURT FEE ORDER
(Case No.  CR 18-0092-RAJ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2278

## II.   ARGUMENT

**a.  The government made a strategic decision to elicit this testimony to bolster the trustee's credibility.**

Much of the government's response is aimed at minimizing any connection between the elicited testimony and the trustee, Mr. Calvert.  But this simply goes to show just how central the trustee is to both sides' strategy in this case.

The government notes, for instance, that the government avoided nearly any mention of the trustee's role during direct examination.  But this was undoubtedly a strategic decision by the government, meant to minimize the trustee's role in its case.  And the government knew that during cross examination the defense would focus on the trustee's role in Ms. Robinson's post-bankruptcy work.  Both defendants' opening statements, after all, had highlighted Mr. Calvert's central role in this case.

Knowing this line of attack was coming, the government's questions about the bankruptcy court orders were clearly strategic choices meant to further insulate its case from the inevitable attacks on the trustee.  The goal of these questions was to give the jury the impression that the bankruptcy court had not found any reason to criticize the trustee's work for NWTM.  But that is not true—the bankruptcy court found numerous reasons to criticize the trustee's work—and the defense should be able to offer rebuttal evidence on this point.

**b.  The government should not be permitted to carve out portions of the bankruptcy court's findings that it likes while excluding the fee order.**

The government asserts that the orders it asked Ms. Robinson about have no relation to the fee order it previously asked this Court to exclude.  But this is not so.

For one, the fee order does, in fact, include findings about the inventory and return of customer assets.  Specifically, the bankruptcy court found in the fee order that Mr. Calvert and his company overbilled the estate for their work on the customer inventory.  Dkt. 227-1 at 52–53, 57–58.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2278

More fundamentally, though, these orders all go to the same central question in this case: whether the trustee's work was reliable.  And so the reason the government asked Ms. Robinson about these bankruptcy court orders is the same reason the government asked to exclude the fee order:  The government wants the jury to know about only the bankruptcy-court findings that the government deems relevant and favorable to its case.  This Court should not allow such cherry picking.  The government should not be permitted to pick and choose whichever bankruptcy court orders it likes to present to the jury, while preventing the defense from offering the bankruptcy court's most comprehensive order in rebuttal.

The Court rejected just such an approach from the government at the motion-in-limine stage.  In ruling on the government's motion in limine, the Court specifically rejected the government's efforts to "carve[] out a portion of the bankruptcy that it deems relevant and . . . exclude all else."  Order on MIL, Dkt. 268 at 3.

Yet the government is now repeating these same efforts at trial.  Specifically, the government asks this Court to find that because only a select portion of bankruptcy court's findings were introduced by the government, the door has not been opened to any other of the bankruptcy court's findings.  In other words, like at the motion-in-limine stage, the government is "with great precision . . . carv[ing] out a portion of the bankruptcy that it deems relevant and ask[ing] the Court to exclude all else."  *Id.*

These efforts should again be rejected.  Trying to isolate particular findings from the bankruptcy court, while excluding any contrary findings, not only clashes with this Court's earlier ruling, but also clashes with how a jury is likely to evaluate the testimony at issue.  When the jury retires to deliberate, one of the critical questions will be:  *Should we believe what the trustee said about the assets of this company?*  There is now a serious risk that jurors will do precisely what this Court warned about in its motion-in-limine ruling:  recall that a bankruptcy court had approved some of the work done at the trustee's direction, recognize that the defense never introduced any

JOINT REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY RULING ON ADMISSIBILITY
OF BANKRUPTCY COURT FEE ORDER
(Case No.  CR 18-0092-RAJ) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2278

1    contrary rulings, and then defer to the findings of the court that it did hear about, trusting the

2    bankruptcy judge as "an authoritative, professional factfinder." *Id.* at 6 (quoting *Sine*, 493 F.3d at

3    1033).

4         To counterbalance that danger, the defense should be permitted to elicit evidence about the

5    bankruptcy court's findings in the fee order.  This is indeed why the doctrine of curative

6    admissibility exists—to allow a party an opportunity to rebut false impressions created by the one-

7    sided use of inadmissible or excluded evidence.

8    **c.  Ninth Circuit case law supports the defense's position on the scope of the rebuttal
     evidence allowed under the doctrine of curative admissibility.**

9

10        Ninth Circuit case law makes clear that once the door to a topic is opened, the party that

11   opened the door does not get to narrowly select what evidence can be used in rebuttal.  In *Nguyen*

12   *v. Southwest Leasing & Rental Inc.*, evidence of particular potential "errors and deficiencies in the

13   manufacturing process" opened the door broadly to "the quality control precautions taken in the

14   tire manufacturing process."  *See* 282 F.3d 1061, 1067–68 (9th Cir. 2002).  Here, similarly, the

15   government sought to exclude a general topic (the bankruptcy court's findings about the trustee's

16   conduct), then admitted particular evidence that it thought favorable on that topic (that the

17   bankruptcy court approved the trustee's return of customer-owned metal).  The government now

18   wants to exclude the defense from introducing rebuttal evidence on that same topic.  But the Court,

19   like in *Nguyen*, should reject that position and allow the defense to introduce rebuttal evidence

20   from the fee order.

21        The government fails to grapple with *Nguyen*, and instead relies on *United States v.*

22   *Whitworth*, but that case turned on a problem of foundation that is not present here.  *See* 856 F.2d

23   1268, 1285 (9th Cir. 1988).  In *Whitworth*, the defense elicited testimony about whether a witness

24   in *his* mind had suspicions about a person's true identity.  *Id.*  The government argued that this

25   opened the door to testimony from the witness about what was in the *defendant's* mind about that

JOINT REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY RULING ON ADMISSIBILITY
OF BANKRUPTCY COURT FEE ORDER
(Case No.  CR 18-0092-RAJ) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2278

person's true identity.  *See id.*  But that would not be something within the witness's personal knowledge, and the Ninth Circuit therefore held that this testimony should not have been admitted. *Id.*  There is no such foundation issue here—Mr. Calvert and others can certainly testify based on their personal knowledge about what the bankruptcy court found in its fee order, just as Ms. Robinson did.

> **d.  The government elicited hearsay by asking if the bankruptcy court approved the return of stored inventory matching Ms. Robinson's records.**

The government argues that its questions to Ms. Robinson about what the bankruptcy court had approved were not hearsay because this was "a fact within her direct knowledge and offered to explain what she did next."  Response, Dkt. 317 at 7.  But that does not match the record.  The government did not ask what Ms. Robinson did next, or why she returned the metals, it instead asked whether "there were orders authorizing the return" of the metals, and—crucially—whether "the amounts and descriptions of the metal in those bankruptcy court orders" matched what was returned to customers.  This is precisely the type of testimony that the Ninth Circuit held constitutes hearsay in *Sine*.  Here, as in *Sine*, "the introduction of discrete judicial factfindings" is being offered to "prove the truth of those findings"—namely, here, that the bankruptcy court deemed the amounts and descriptions of the customer-returned metals to be correct and accurate.  493 F.3d at 1036.  As in *Sine*, the bankruptcy court orders that Ms. Robinson testified to were not subject to cross-examination, and the references to findings from the court bolstered Ms. Robinson's own testimony about the trustee's work in managing the assets of the estate.  *See id.*  The defense should now have the opportunity to rebut that hearsay evidence with a contrary order from the bankruptcy court.

> **e.  The defense does not need to object when the government chooses to open the door.**

The government appears to argue in its response that because the defense did not object to the testimony about the bankruptcy court's orders, the defense cannot argue that the government

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2278

opened the door to evidence of the fee order.  But in *Nguyen*, the Ninth Circuit made clear that the lack of an objection does not preclude the Court from finding that a party opened the door to previously excluded evidence.  *See* 282 F.3d at 1068 (admitting curative evidence despite a lack of objection).  This makes sense.  It was the government that wanted to exclude the fee order, and so it should not now be the defense's responsibility to prevent the government from opening the door to it.

### III.    CONCLUSION

For the above reasons, the defendants respectfully request that the Court find that the government has opened the door to the bankruptcy court's fee order (*available at* Dkt. 227-1), and that the defendants can therefore elicit testimony and introduce evidence relating to the fee order.

DATED this 18th day of July, 2021.

**CALFO EAKES LLP**

By: _s/ Angelo J. Calfo_
     Angelo J. Calfo, WSBA# 27079
     Patty A. Eakes, WSBA #18888
     Anna F. Cavnar, WSBA #54413
     Henry C. Phillips, WSBA #55152
     1301 Second Avenue, Suite 2800
     Seattle, WA  98101
     Phone: (206) 407-2200
     Email: angeloc@calfoeakes.com
           pattye@calfoeakes.com
           annac@calfoeakes.com
           henryp@calfoeakes.com

*Attorneys for Defendant Bernard Ross Hansen*

*- And -*

JOINT REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY RULING ON ADMISSIBILITY
OF BANKRUPTCY COURT FEE ORDER
(Case No.  CR 18-0092-RAJ) - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CORR CRONIN LLP**

Steven W. Fogg, WSBA No. 23528
Benjamin C. Byers, WSBA No. 52299
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
(206) 625-0900 Fax
sfogg@corrcronin.com
bbyers@corrcronin.com

**AOKI LAW PLLC**

Russell M. Aoki, WSBA No. 15717
Isham M. Reavis, WSBA No. 45281
1200 Fifth Avenue, Suite 750
Seattle, Washington 98101
(206) 624-1900 Phone
(206) 442-4396
russ@aokilaw.com
isham@aokilaw.com

*Attorneys for Defendant Diane Renee Erdmann*

JOINT REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY RULING ON ADMISSIBILITY
OF BANKRUPTCY COURT FEE ORDER
(Case No.  CR 18-0092-RAJ) - 8